NEW YORK.
May, 1827.

Williams
v.
Allen.

WILLIAMS *against* ALLEN.

ASSUMPSIT; tried at the Wayne circuit, June 13th, 1826, before WALWORTH, C. Judge; when a verdict was found for the plaintiff.

The facts are stated in the opinion of the court.

J. A. *Spencer*, for the defendant, moved for a new trial.

C. P. *Kirkland*, contra.

*Curia, per* WOODWORTH, J. The paintiff declared on a promissory note, and added the general counts. Plea, the general issue, and notice. A few days before the trial, the plaintiff's attorney wrote to the defendant's attorney, and among other things, the letter contained the following : "You wrote me for a bill of particulars. We claim only for the note set forth in our declaration. We do not claim anything, at present, for packet-boat stock." At the trial, the plaintiff gave in evidence the note declared on. The defense was usury; to establish which, the defendant gave in evidence an account and a note for $130 given to the plaintiff by the defendant and one Rice. The *evidence, [*317] to make out the fact, was submitted to the jury. By their finding, it appears, they were satisfied that usury was proved. I think the evidence sufficient to warrant that conclusion.

After the defendant had gone through with his proof of usury, the plaintiff offered the original note and account in evidence, to support the common counts. This was ob-

In answer to a request by the defendant's attorney for a bill of particulars, the plaintiff's attorney wrote him that the claim was on the note specified in the declaration. No order for a bill was obtained. *Held,* that the plaintiff, on the trial, was bound by the letter, as a bill of particulars. Where the defendant himself, in opposing the plaintiff's demand, specified in his bill of particulars, gives evidence which supports the plaintiff's declaration, [*317] though such evidence is out of the bill, the plaintiff may recover upon it.

The plaintiff's declaration was upon a promissory note, against the defendant alone, with

the common counts. The plaintiff, in his bill of particulars, claimed the note alone. On the trial, the defendant proved the note usurious, by showing that it was given for a note and account due to the plaintiff from the defendant and another, and also included usurious interest for the further delay of payment. *Held,* that the plaintiff might recover the amount of the original note and account, there being no plea in abatement.

A promissory note against the defendant and another, is evidence under the money counts against the defendant alone.

A defendant, to prevent the plaintiff's recovering a demand against him and another, under a declaration, against him alone, must, in all cases, plead the non-joinder, in abatement.

NEW YORK, jected to on the ground that the plaintiff was confined to
May, 1827. his bill of particulars, contained in the letter. The judge
Williams decided that the letter did not amount to a bill of particu-
v. lars. The plaintiff then gave the account and a note in
Allen. evidence. The defendant objected that the note was be-
tween different parties; and was not competent evidence
under the money counts, against the defendant alone.
There was due on the note and account, $149 06. The
judge admitted the evidence, and charged the jury, that if
they were of opinion that usury was proven in the note
declared on, they must find for the plaintiff, under the
common counts, $149 06, being the balance of the account
and the note of Allen and Rice. The jury found a verdict
for the last sum.

The questions are, 1. Whether the letter contained a bill
of particulars; 2. If it did, whether the note of Allen and
Rice was admissible evidence.

There was no order for a bill of particulars; but it was
given voluntarily on request. It cannot be permitted to
the plaintiff to say, that the specification given, is not
equally binding, as a bill obtained in pursuance of a judge's
order. Such arrangements are to be encouraged; and good
faith requires that they be carried into effect.

It is, however to be observed, that the note of Allen and
Rice was introduced by the defendant, as part of the evi-
dence to establish the fact of usury in the note declared on.
If, then, the defendant, in showing usury in the note given
by him individually, has produced evidence, by which it
appears the plaintiff is entitled to recover for items not in-
cluded in his bill of particulars, he should retain the verdict
for such items.

[*318]

*The rule is correctly laid down in 1 Campb. 68, and 2
Archb. 199, that although the plaintiff, after delivering a
particular of his demand, cannot, himself, at the trial, give
evidence out of it; yet if the defendant's evidence shows
that there are other items, which the plaintiff might have
included in his demand, he is entitled to recover all that

appears to be due to him. The objection, then, arising from the bill of particulars cannot be supported.[1]

[1] The plaintiff's bill of particulars is considered as a part or amplification of the declaration; *Fleurot* v. *Durand*, 14 John. Rep. 329 ; *Brittingham* v. *Stevens*, 1 Hall's Rep. N. Y. S. C. 379 ; so that if not delivered pursuant to an order, a motion for *non pros* will lie. *Fleurot* v. *Durand*, 14 John. Rep. 329. So, when it comes from the defendant, it is held a part of his notice of set-off ; and unless delivered within a certain time specified, the notice itself is shut out by the order. Viewed in this light, it need not state the credit side of the account ; because pleadings do not state matters of defense or answer to themselves ; and another reason is that the opposite party must know what sums he has paid, as well as the party giving the bill. *Ryckman* v. *Haight*, 15 John. Rep. 222 ; *Whaley* v. *Banks* and *Pemberton* v. *Bellington*, Mann. Dig. Practice, B. (*b*,) S. P. But see *Mitchell* v. *Wright*, 1 Esp. 230, and *Addington* v. *Appleton*, 2 Camp. 410, *e contra.* Nor is it necessary to state in the bill any matter of mere defense, answer or rebuttal to the claim of the other party. *E. g.* money paid on an order drawn by the defendant, is admissible, in answer to the defendant's demand, though the plaintiff's particular do not mention it. *Brown* v. *Denison*, 2 Wend. 593. In this case, the plaintiff, it is true, charged the money, in the form of an account ; and as such the referees rejected it, because not in the particular ; but Savage, C. J., said, "The account offered was not for the purpose of making out the plaintiff's case in the first instance, but to rebut evidence produced by the defendants." Id. 595.

A bill is always "considered sufficient, if it fairly apprise the opposite party of the nature of the claim, so that there can be no surprise." Per Savage, C. J., in *Brown* v. *Williams*, 4 Wend. 360, 368, 369 ; and see *Smith* v. *Hicks*, 5 Wend. 48. This is the cardinal object. Form is altogether overlooked. A voluntary letter from the plaintiff's attorney, in answer to a letter of the defendant's attorney requesting a bill, that "the suit is on the note declared upon ;" (*Williams* v. *Allen*, 7 Cowen's Rep. 316 ;) or a bill under an order, referring to an account before delivered, (*Hatchet* v. *Marshal*, 1 Peak. N. P. Cas. 171 ; *James* v. *Goodrich*, 1 Wend. 289,) is sufficient. Dates should be given with as much particularity as possible, with regard to which the judge will require greater or less strictness, in his discretion, on summons for amending the bill. *Humphrey* v. *Cottleyou*, 4 Cowen, 54 ; *Quin* v. *Astor*, 2 Wend. 577 ; and see *Newton* v. *Verbeke*, 3 Cowen & Hill's Notes to Ph. on Ev. p. 337 *n*. Though in point of variance on trial, much greater differences than those of mere days or months have been disregarded, yet in this respect the variance ought not to be such as to mislead. Where the plaintiff's bill was for various items of labor, under date of April 20, 1821, and he offered proof of labor at sundry times in 1817–18–19, the N. Y. S. C., held that he must be confined to the year, and on error the decision was holden right. *Quin* v. *Astor*, 2 Wend. 577. The particular should give as much information as a special declaration ; omitting the formal or technical parts. The court, per Parker, C. J., in *Babcock* v. *Thompson*, 3 Pick. 448. Where the

NEW YORK,     As to the note of Allen and Rice, it was proper evidence
May, 1827.
———————  under the money counts, unless a joint note given by two
Williams
v.        persons, is inadmissible in an action against one, although
Allen.

plaintiff declared in one count specially, inserting a general count which
would also embrace the matter of the first count; and in his particular re-
ferred to the first count as containing the sole ground of the action; though the
proof varied from the first count; yet held it might be received under the
general one, and that, too, upon this bill of particulars. So that a special
count may be good as a particular, though bad as a count; for yet the de-
fendant may not be misled. *Hess* v. *Fox*, 10 Wend. 436. This may be made
still more plain by an English case. Where the particular specified a bill for
£60, bearing date on a certain day, and the evidence was of a bill for £63,
dated on a different day, in the same year and month, Abbot, J., held the
variance to be immaterial, as not being calculated to mislead. *Dunn* v.
*Thomas*, Mann. Dig. Practice, B. (c) pl. 17, p. 299 of the Am. ed. This
would have been clearly a fatal variance in a count. But where the decla-
ration was for money had and received, and the particular for "one $1000
bank bill, bank not recollected, $1000; two $500 bills of the Union Bank,
$1000; two checks upon Boston banks amounting to $250; bank bills cur-
rent in the commonwealth amounting to $500;" and at the trial the plain-
tiff proceeded for money fraudulently won at gaming with cards; the judge
directed a nonsuit. *Babcock* v. *Thompson*, 3 Pick. 446. The court said,
"Telling the defendant that the action was for bank bills, gave him no infor-
mation that would aid him in making his defense. Ib. 448. Yet, according
to the English and New York practice, a mere defect or insufficiency is left
to the correction of a judge's order, upon summons; and cannot be objected
at the trial. There the objection usually sounds in a variance, which mis-
leads. Accordingly it was held in Maryland, that where the plaintiff, in his
bill of particulars, alleges that money was had and received in a particular
manner or on a particular ground or consideration; on the trial he cannot
resort, in evidence, to any other manner, ground or consideration. *De Sobry*
v. *De Laistre*, 2 Har. & John. 191, 221, 222, 223.

Yet in respect to variance, these bills are regarded with a spirit very fa-
vorable to letting in every claim under them, which can be covered by any
possible construction of their language. This we have, in part, seen already;
and it is further evinced by a series of cases.

Thus in an action by the assignees of a bankrupt, the declaration stated
the cause of action to be money had and received to the use of the bankrupt;
the particular of demand, incorrectly described it, as had and received to the
use of the plaintiffs. This was held not to be a fatal variance; it not appear-
ing that the defendant could be misled. *Tucker et al.* v. *Barrow*, 1 Mood. &
Malk. 137. So the omitting of a letter used between the christian and sir-
name in the title of the cause; for the law knows of but one name; (*Rosevelt*
v. *Gardinier*, 2 Cowen's Rep. 463;) stating the indorsement of a note as in
blank, which was filled up on the trial; (*Norris* v. *Badger*, 6 Cowen's Rep.
449;) one of two joint debtors being sued alone, and he omitting to plead in

NEW YORK,
May. 1827.

Williams
v.
Allen.

no plea in abatement has been interposed. The law is well settled, that where there are several persons jointly indebted, or jointly responsible, and all of them are not made defendants, this must be pleaded in abatement; and cannot be taken advantage of at the trial. (2 John. Cas. 382; 1 Chit. Pl. 29.) Perhaps it may be said, that, in this manner, a defendant may be entrapped. To this the answer is, that by vigilance, the defendant might have guarded against surprise. Where the plaintiff declares in several counts, and the defendant wishes to guard against giving evidence of a joint contract, he may obtain a bill of particulars before he pleads; and if a joint contract is alleged in the bill, he may plead in abatement. If he omits to do this in season, it is his own neglect that enables the

abatement, the bill being entitled and the charges made as against him alone; (*Gay* v. *Cary,* 9 Cowen's Rep. 44;) where the notes were described as bearing interest from the date, though they did not, the bill giving a correct description in other respects; (*McNair* v. *Gilbert,* 3 Wend. 344;) where the bill stated that the action was for money received from D., on a note drawn by E., for $300, dated, &c. payable to D., indorsed by D., then by the plaintiff, and then by the defendant, on which defendant received $300 from D., and the same sum, &c., from the plaintiff; and proof, that what the defendant received of D. was not cash, but specific articles to an uncertain amount, and the whole note was released to D. by the defendant, who afterwards, as last indorsee, demanded and received the same sum of the plaintiff; for the defendant was informed by this bill, that the money which the plaintiff had paid was sought to be recovered back; and though the bill spoke of $300 paid by D., still, if the transaction amounted in law to a payment, or discharge, or release of that sum, there could have been no surprise; (*Brown* v. *Williams,* 4 Wend. 360, 368, 369;) where the bill stated the foundation of the claim truly, but specified the amount (being money had and received) at $605 63, whereas the proof was of $644 45; (*Smith* v. *Hicks,* 5 Wend. Rep. 48;) where there was a misdescription of the defendants as belonging to the Pilot line, the evidence being that they belonged to a different company, other matters appearing in the bill sufficient to apprise the defendants of the particulars sought to be recovered so that they could not be misled; (*Benson* v. *Brown,* 10 Wend. 258;) and where an insurance broker's claim was for services, in effecting for the defendants a policy of insurance, the broker covenanting to pay the premium; the declaration being for work and labor and divers premiums; and the particular simply "for insurance." *Power* v. *Butcher,* 10 Barn. & Cress. 329. A particular for money paid is supported by proof of a payment in land, or other thing equivalent to money. (*Bonney* v. *Seely* 2 Wend. 481. See *Ainslee* v. *Wilson,* 7 Cowen's Rep. 668; and *Randall* v. *Rich,* 11 Mass. Rep. 498, S. P.)

See N. Y. Code of 1851, s. 158; Monell's Pr. 526, *et seq.*

NEW YORK,
May, 1827.

plaintiff to charge the defendant on a joint demand, or if, as in the present case, the joint contract is given in evidence by the defendant, it becomes available to the plaintiff, notwithstanding the bill of particulars; and consequently he has ·no cause of complaint. The motion for a new trial must be denied.

New trial denied.