## HENDERSON vs. HAMMOND.

1. If two or more persons are bound jointly, but not severally, and one is sued alone, he can only take advantage of the non-joinder of the others by plea in abatement, and cannot insist on the omission under the general issue.

2. The plaintiff was employed as a school teacher by the defendant and others, by a written contract which specified the duties of the teacher, the rate of tuition, and the number of scholars to be sent by each subscriber. The school was to be taught in the school house belonging to the sixteenth section. Soon after the commencement of the school, an election for trustees of the township was held, at which election the plaintiff voted. *Held*, that the plaintiff was responsible for his conduct to the subscribers only, and that the trustees had no right to control or govern the school.

ERROR to the Circuit Court of Butler. Tried before the Hon. Geo. Goldthwaite.

ASSUMPSIT by Hammond against Henderson, on a written contract, executed between the plaintiff on one part, and Henderson and others on the second part, by which the plaintiff was employed to teach a school for the term of one year, and Henderson and the other subscribers agreed to send to the school the number of scholars affixed opposite to their names. The contract expressed the duties of the teacher, and the rate of tuition, and the defendant agreed to send five scholars. The school was to be taught in the school house belonging to the sixteenth section. Soon after the commencement of the school, an election for trustees of the township was held, at which election the plaintiff voted. Complaints were made to the trustees against the plaintiff, on account of which there was a disagreement between them. "The plaintiff refused to be governed by the action of the trustees, and denied their right to control him. The said trustees thereupon discharged him as the teacher of said school, (which was shown to be the sixteenth section school, but plaintiff never received any of the sixteenth section fund.) From that time defendant ceased sending his children to the school, though the proof tended to show that plaintiff continued to teach during the period stipulated by the articles of agreement." The defendant asked the court to charge the jury :

*First*, that the written contract created a joint obligation on the part of the subscribers, and secondly, that under the evidence above set forth, the trustees were the proper judges (as between the plaintiff and subscribers,) of what was a proper cause for which to discharge him from the school, and that if the trustees did discharge him, then the plaintiff could not recover. The court refused to give these charges, and the defendant excepted.

WATTS & JACKSON, for plaintiff in error:

1. At common law, suit must be brought against all the parties to a joint contract.—1 Chit. Plead. 42.

2. The contract here sued on is not such a contract as is authorized to be sued on separately under our statute, (Clay's Digest,) if it be joint.—Tindall v. Collins, 2 Por. 17; Saffold v. Thompson, 2 Stew. 494.

3. Is it a joint contract? "The rule is that several persons contracting together with the same party for one and the same act shall be regarded as jointly, and not individually or separately liable, in the absence of any express words to show that a distinct as well as entire liability was intended to fasten upon the promisers."—1 Chit. Plead. 41; Bacon's Abridgment, Title Obligations, (D.) 4.

4. Where this appears on the record, this may be taken advantage of on writ of error.—See Chitty's Pleading.

5. This was a sixteenth section school. The teacher submitted himself to the direction of the trustees. The trustees discharged him; thereby determining that he had committed a breach of his contract. The second charge therefore ought to have been given. At any rate, the plaintiff was not entitled to recover more than for the time he taught before he was dismissed by the trustees.

JUDGE, *contra:*

1. The contract sued on is not a joint, but a several one; or it may be a joint and several one. This phraseology coupled with the separate signature of each subscriber, and the number of scholars set opposite the name of each that each was to be bound for, makes the promise on the part of each a several one. For each is a distributive adjective, and denotes two things taken separately, or every one of any number taken singly.

2. But conceding the contract to be a joint one, and yet it

will not aid the plaintiff in error, in the present aspect of his case. For the non-joinder of a party who ought to be made a co-defendant, can only be taken advantage of by plea in abatement. 1 Chit. Plead. 46-47.; see also Jones v. Pitcher, 3 Stew. & Por. 135; Bonner v. Greenlee's Heirs, 6 Ala. 411. It is said by Chitty however, (see 1 Chitty, *supra*,) that if it expressly appear upon the face of the pleadings, that the party omitted is still living as well as a joint contractor, the defendant may "demur, move in arrest of judgment, or sustain a writ of error." In reply to this we say, it does not here expressly appear on the face of the pleadings, that parties omitted were joint contractors and are still living; but even if it does, the defendant did not demur; and he could not have arrested the judgment, nor can he sustain his writ of error on this ground, because our statute says, "no cause shall be reversed, arrested, or otherwise set aside after the verdict or judgment, for any matter on the face of the pleadings not previously objected to: *Provided*, the declaration contains a substantial cause of action, and a material issue be tried thereon."—Clay's Dig. 322, § 53; see also Kent v. Long, 8 Ala. 44.

3. The court below did not err in refusing to give the last charge requested, as shown by the bill of exceptions. The contract of Hammond was not made with the trustees, and the record shows it was made before any trustees were appointed. Hammond was bound to each of the subscribers on his contract, and the election of trustees, subsequent to the making of the contract, did not rescind the contract; and the discharge of Hammond by the trustees did not, and could not, release him from liability to each subscriber on the contract.

DARGAN, C. J.—This suit was brought on an agreement by which the plaintiff was employed by the defendant and others to teach a school for the term of one year. The agreement specifies the duties of the teacher and the rates of tuition agreed to be paid for each student. The name of the defendant was subscribed to the articles of agreement, and opposite thereto was affixed the figure 5, intending to denote the number of students he engaged to send. The suit is brought to recover for the tuition of these five; and the defendant requested the court to charge the jury, that the agreement created a joint obligation on

all the subscribers, and therefore, the plaintiff could not recover against the defendant alone, which charge the court refused to give. We should be disposed to hold that the agreement created a several obligation on each subscriber to pay the tuition of those children he agreed to send to the school, and no more. But if the contract could bear the construction that each subscriber was bound for the tuition of each student agreed to be sent, still it could not avail the defendant, for the rule is well settled, that if two or more be bound jointly, but not severally, and one alone is sued, he can only take advantage of the non-joinder of his co-contractors by plea in abatement, and cannot insist upon such omission under the general issue in bar of the action.— Chitty's Plead. 46 ; Jones, et al. v. Pitcher, 3 Stew. & Por. 135. Whether or not, there may not be cases in which such an omission would be fatal on a motion in arrest of judgment, or on error, it is needless to inquire; for even if such cases may exist in consequence of the declaration showing that there are other joint contractors who are still living and amenable to the jurisdiction of the court, it is nevertheless evident, that the defendant who is sued cannot take advantage of their non-joinder on the trial before the jury, to defeat the action on its merits.

The second instructions requested by the defendant the court also refused to give, and we think with equal propriety. This school, though it appears to have been taught on the sixteenth section, was certainly not subject to the control of the commissioners or trustees of the sixteenth section. The teacher was not employed by the trustees, nor could he look to them for payment; he was employed by the subscribers to the agreement, which specified his duties. To the subscribers alone was he responsible for his conduct, and the trustees of the sixteenth section had no right to control or govern the school. Whether they could have interfered, and prevented the plaintiff from teaching on the sixteenth section, is a question not necessary to notice, for the school was taught during the year in pursuance of the articles of agreement, and the subscribers are bound to pay according to their contract.

There is no error in the judgment, and it must be affirmed.