JOHN S. THOMPSON, Plaintiff in Error, *v.* ISAAC STRAIN, Defendant in Error.

ERROR TO McLEAN.

Where one of two promissors of a note is sued, and it does not appear on the face of the declaration, or other pleading of the plaintiff, that the other promissor is living, the error cannot be taken advantage of at the trial, but must be pleaded in abatement.

THE declaration avers that said defendant, with one R. C. Baker, who is not sued in this action, made his certain promissory note, etc.    A copy of the note signed by Baker and Strain
24

was filed with the declaration. A demurrer was filed to this declaration, and was sustained by the Circuit Court of McLean county, DAVIS, Judge, presiding, at September term, 1854.

The plaintiff below sued out this writ, and assigns for error, the sustaining of the demurrer to the declaration.

J. C. WALKER, for Plaintiff in Error.

C. H. MOORE, for Defendant in Error.

CATON, J. This case differs from that of *Puschel* v. *Hoover*, decided at this term, only in this : in that case, it appeared on the face of the declaration that another, who is not sued, made the note sued on, with the defendant, and this, it is insisted, may be taken advantage of by demurrer, because it appears on the face of the declaration that another should have been sued with the defendant. I have examined the cases with some attention, and find that the text in Chitty is sustained by the decisions of the courts. After stating that the non-joinder of a defendant cannot be taken advantage of on the trial, but must be pleaded in abatement, the author says: " If, however, it expressly appear on the face of the declaration or some other pleading of the plaintiff, that the party omitted is *still living*, as well as that he jointly contracted, in that case, the defendant can demur, move an arrest of judgment, or sustain a writ of error." I am not satisfied, indeed, that this does not state the exception broader than it can be sustained on principle, for the plaintiff could reply to a plea in abatement, of the non-joinder of defendants, that the parties not sued were infants, or *non compos* when the promise was made, as well as that he had deceased before the commencement of the suit. It is sufficient, however, for our present purpose to remark, that it does not appear on the face of the declaration or other pleading of the plaintiff, that the other party who made the note was still living.

The judgment of the circuit court must be reversed and the cause remanded.

*Judgment reversed.*