JACOB GREENWOOD *v.* DANIEL C. SMITH.

*Practice.    Specification.    Amendment.*

The plaintiff is not precluded by his specification from recovering upon a cause of action not included therein, but which is declared upon, and would be proper matter for specification, and grew out of the subject matter of the specification actually filed, if the defendant admits such cause of action on trial.

The amendment of specification, ordinarily rests in the discretion of the court, and is not the subject of exception.

ASSUMPSIT in the common counts.    Plea, the general issue. Trial by jury, February term, 1872, REDFIELD, J., presiding.

The only item in the plaintiff's specification, filed by order of court, was for the price of a wagon sold by plaintiff to defendant.

It appeared without dispute that the plaintiff left said wagon with the defendant for sale, and that while in his possession the defendant used it and somewhat injured it. The plaintiff claimed that he left the wagon with the defendant upon such terms that the defendant might himself become the purchaser thereof, which the defendant denied. Some time after the wagon was injured as aforesaid, the parties had a negotiation about the same, and the plaintiff claimed, and his testimony tended to show, that the defendant then agreed to pay for the wagon ; but the defendant claimed, and his testimony tended to show, that he only promised to pay the damage he had done to it, and that the plaintiff declined to fix any sum for such damage, and said that he would defer that till the wagon was sold.

The plaintiff requested the court to charge the jury, that he was entitled to recover in any event ; that if they found the plaintiff's version of the transaction true, he was entitled to recover the price of the wagon ; but if they found the defendant's version true, he was entitled to recover for the damage to the wagon. The court refused to charge as requested, but charged that the plaintiff was concluded by his specification, and could recover for nothing not included therein ; to which refusal and charge the plaintiff excepted. Upon intimation by the court of such ruling, and after the testimony was closed, the plaintiff asked leave to amend his specification so as to include an item to conform to the testimony of the defendant. But the court refused to allow the amendment ; to which the plaintiff excepted. The plaintiff requested to be allowed to submit to the jury the question of whether, upon the proof. he was not entitled to recover upon the defendant's promise to pay damage ; but the court refused the request, and charged the jury that unless they found that the defendant agreed to purchase the wagon, their verdict should be for the defendant ; to which the plaintiff excepted. Verdict for the defendant.

*Benton & Irish*, for the plaintiff.

There is no such variance between the specification and proof as will bar the plaintiff's right of recovery for damages as proved. *Brown* v. *Dennis*, 2 Wend. 593 ; *McNair* v. *Gilbert*, 3 Wend. 346 ;

*Williams* v. *Allen*, 7 Cow. 316 ; *Hess* v. *Fox, Exr.* 10 Wend. 436 ; *Stone* v. *Pulsipher et al.* 16 Vt. 428 ; *Porter et al.* v. *Munger*, 22 Vt. 191 ; *Martin* v. *Eames et al.* 26 Vt. 476 ; *Gay* v. *Cary*, 9 Cow. 44. If it appears from the defendant's own showing that the plaintiff is entitled to recover for items not included in the specification, he may recover for them. *Williams* v. *Allen, supra ;* Colby's Practice, 202. Plaintiff is not bound by his account as proferted. *Reed* v. *Barlow*, 1 Aik. 145 ; *Loomis* v. *Barrett*, 4 Vt. 450 ; *Delaware* v. *Stanton*, 8 Vt. 48.

—————— ———, for the defendant.

The practice has been uniform to treat the claim of the plaintiff as limited to his specification. *Lapham* v. *Briggs*, 27 Vt. 26 ; *Benedict* v. *Swain*, 43 N. H. ; *Dean* v. *Mann*, 28 Conn. 352 ; *Davis* v. *Freeman*, 10 Mich. 188. The disallowance of the proposed amendment, was matter of discretion, and not revisable in this court.

The opinion of the court was delivered by

BARRETT, J. It is the office of the *specification* to define the ground of recovery which the plaintiff proposes to maintain by evidence to be offered on his part. But we do not understand that such specification precludes his right of recovery upon a cause of action set forth in the declaration, and which would be proper matter for a specification, and growing out of the subject-matter of the specification actually filed, if, as in this case, the defendant confesses in open court, and on trial, such cause of action. The purpose of making the specification, is to prevent surprise to the defendant, and to enable him to prepare to meet by evidence or otherwise the specified cause of action. The defendant does not need to be protected in this manner, in respect to a ground of recovery which he is ready to confess and does confess voluntarily on the trial. The case of *Williams* v. *Allen*, 7 Cow. 316, and the learned note of the reporter, seem fully to sustain this view. *Lapham* v. *Briggs*, cited by defendant's counsel, is consistent with it, and indeed, none of the cases are adverse to it.

Plaintiff's counsel did not make a point on the exception taken to the refusal of the court to allow him to amend the specification,

so we content ourselves with saying that ordinarily, and especially in this case, such proposal of amendment rests in the discretion of the court, and is not the subject of exception.

Judgment reversed.