# RICHARD PEARCE

*v.*

# FREDERICK PEARCE.

1.  PARTIES—*non-joinder of a co-defendant in action ex contractu.*  In an action *ex contractu,* the non-joinder of a co-defendant can be taken advantage of only by a plea in abatement.  Therefore, in an action against a single defendant, to recover money loaned, it is erroneous to instruct the jury, that if the loan was made to the defendant and another jointly, and not jointly and severally, nor to the defendant alone, they must find for the defendant, where no plea in abatement is filed setting up such non-joinder.

2.  IMPLIED PROMISE—*in case of a loan.*  In a suit to recover money loaned, the court instructed the jury, that before they could find for the plaintiff, they must believe, from the evidence, that the plaintiff loaned the money to the defendant, and that the latter had promised to pay the plaintiff the same: *Held,* that the instruction went too far, as the jury probably understood it as requiring proof of an express promise, which was not necessary.

APPEAL from the Circuit Court of Clay county; the Hon. RICHARD S. CANBY, Judge, presiding.

This was an action of assumpsit, brought by Richard Pearce against Frederick Pearce.  The declaration contained the common counts only.  The defendant pleaded the general issue and notice of set-off.

On the trial the plaintiff asked the following instruction, which was refused:

"The court instructs the jury, that, under the pleadings, the fact that Edward Pearce is not joined as a co-defendant, can not be taken advantage of.  It makes no difference whether Edward is joined or not."

The court, at the request of the defendant, gave the following instructions:

"1.   Before you can find for the plaintiff, you must believe, from a preponderance of the testimony, that the plaintiff loaned

the money in question to the defendant, and that the defendant has promised to pay the plaintiff the money."

"2.    If you believe, from the evidence, that the money in question was loaned to Edward Pearce and Frederick Pearce jointly, and not jointly and severally, nor to Frederick Pearce alone, then you should find for the defendant."

Verdict and judgment for defendant, and plaintiff appealed.

Messrs. COPE & BOYLES, for the appellant.

Messrs. HAGLE & CHESNEY, for the appellee.

Per CURIAM:    The first instruction asked by the plaintiff, and refused, should have been given, and that given for the defendant should have been refused.    There was no plea in abatement, and the non-joinder of a co-defendant can only be taken advantage of by plea in abatement.    The other instruction for defendant goes too far in requiring the jury to believe, not only that the plaintiff loaned his money to the defendant, but that the defendant promised to repay it.    The jury would probably understand this as requiring proof of an express promise, which would not be necessary.

The judgment of the court below is reversed.

*Judgment reversed.*