## JOHNSON ROSS

67  317
74a 539

*v.*

## MOSES ALLEN *et al.*

1. PARTIES—*non joinder of parties defendant, how advantage taken of —abatement.* The failure to join as defendant in an action *ex contractu* one who is claimed to be jointly liable with the defendant sued, can be taken advantage of only by plea in abatement. The question can not be presented on error.

2. SAME—*plaintiff—when plaintiff may join.* Where two or more co-sureties pay the debt of their principal out of a joint fund, their right of action against the principal is joint. And the same rule applies where they pay the debt by giving their joint note. If, however, the debt is paid, each surety using his individual funds, it seems that they must sue the principal separately.

3. ATTACHMENT—*effect of quashal by agreement.* Where suit was brought by attachment, and the writ was quashed by agreement that the cause should be tried upon its merits, and the same is so tried, there will be no error in not dismissing the suit.

WRIT OF ERROR to the Circuit Court of Edgar county; the Hon. JAMES STEELE, Judge, presiding.

This was a suit by attachment, by Moses Allen, David Allen and John Allen, against Johnson Ross. The plaintiffs recovered below.

Mr. JOHN SCHOLFIELD, and Mr. JAMES A. EADS, for the plaintiff in error.

Mr. R. N. BISHOP, and Messrs. SELLORS & DALE, for the defendants in error.

Mr. JUSTICE MCALLISTER delivered the opinion of the Court:

In June, 1869, the plaintiff in error, and one A. J. Allen, being partners, were indebted to the Frankfort bank, in the

State of Indiana, upon certain promissory notes in the sum of about $30,000, upon which defendants in error were sureties; some portion .of which, amounting to about $5000, was due, and the bank pressing for payment.   To meet this sum a promissory note for that amount, and payable in ninety days, was executed by plaintiff in error and A. J. Allen, as principals, and defendants in error as sureties, upon which Moses •Allen, one of the defendants in error, acting on behalf of the other parties, obtained a loan at the First National Bank of Thorntown, for the amount of the note, and paid it upon the indebtedness of plaintiff in error and A. J. Allen, at the Frankfort bank.   When this note became due, it was taken up by giving another note for the amount, payable in ninety days, executed by plaintiff in error alone, as principal, and defendants in error as sureties.   This note not being paid at maturity, it was taken up by giving another note bearing date December. 11, 1869, for $5331, payable in ninety days, to the cashier of the First National Bank of Thorntown, with interest at the rate of ten. per cent per annum after maturity. This note was likewise executed by plaintiff in error alone, as principal, and defendants in error as sureties.

March 14, 1870, the defendants in error, having borrowed the money for the purpose upon their joint credit, paid and took up the last mentioned note, and brought this action to recover of plaintiff in error the amount, with interest. There ·was no plea in abatement for the non-joinder of A. J. Allen, but the general issue was filed, upon which the cause was tried, and judgment given against Ross, the plaintiff in error, and he brings the record here by writ of error.   Some attempt was made upon the trial to show that Moses Allen, one of the plaintiffs below, was a ·member of the firm of Ross & Allen, but we are of opinion that the clear preponderance of the evidence is against the fact.   It is also insisted that, inasmuch as the original was a partnership debt, no action could be maintained against Ross alone.   That question could be raised only by plea in abatement for the non-joinder of A. J. Allen.

It is further urged, and this seems to be the question most relied upon, that no action could be maintained by the sureties in their joint names. If the money paid had been composed of the individual funds of each, this objection would be tenable. But having borrowed it upon their joint credit, they had a joint legal interest in it, and it being paid on their joint account, we can perceive no reason why they should not be permitted to join in the action to recover it. 1 Chit. Pl. *11. It is a rule supported by the prevailing current of authorities, that if two or more co-sureties pay the debt out of a joint fund, their right of action against the principal is joint. 1 Pars. on Contracts, 35, and cases cited in note (s.)

The objection that the effect of quashing the attachment writ with which the suit was commenced, was a dismissal of the suit, is not tenable, because it was done by agreement, which expressly reserved the right to have the case tried upon the general issue, and it was so tried without objection.

Finding no error in the record, the judgment of the court below must be affirmed.

*Judgment affirmed.*