## THE REAL ESTATE TRUST COMPANY, RESPONDENT, *v.* THOMAS KEECH, APPELLANT.

*Mortgage — effect of payment of bonus, to secure extension of time of payment.*

The defendant paid to the plaintiff $1,000, in addition to the lawful interest, to procure an extension of time within which to pay a debt secured by a mortgage held by the plaintiff. *Held,* in an action to foreclose the mortgage, that the security given for the original debt was not impaired by such payment, but the amount so paid should be applied as a payment on the mortgage debt.

APPEAL from judgment of the Special Term in favor of the plaintiff, in an action for the foreclosure of a mortgage.

*William A. Boyd,* for the appellant.

*Henry E. Davies* and *Julian T. Davies,* for the respondent.

DANIELS, J.:

The mortgage foreclosed was executed by the defendant on or about the 31st day of May, 1871, to secure the payment of his bond, dated at the same time, and delivered to John G. Congdon, conditioned for the payment of $19,000, with lawful interest from

the 1st of June, 1871, on the first of the following November. On the 6th of January, 1872, Congdon assigned the bond and mortgage and debt secured to the plaintiff. About the 18th day of November, 1872, an agreement was entered into between the defendant and the president of the plaintiff, acting in its behalf, by which it was agreed, in consideration of the sum of $1,000, that the payment of the debt should be extended for the period of six months. In pursuance of that agreement the defendant paid the sum of $1,000 to the plaintiff's president, and was allowed the extension of the credit agreed upon. The defendant claimed upon the trial, and upon the argument of the appeal, that this agreement, being usurious, rendered the securities taken·for the original debt void. But as that was a valid debt, it was not affected by the usurious agreement made for the mere extension of the time for its payment. The usury simply avoided the agreement for its forbearance. It rendered that invalid without annulling the original debt, or the securities given for their payment. There is nothing in the case of *The Dry Dock Bank* v. *The Am. Life Ins. and Trust Co.* (3 Com., 344) supplying the least support to that position taken on behalf of the defendant. And the cases of *Bush* v. *Livingston* (2 Cai. Cas., 66); *Williams* v. *Allen* (7 Cow., 316); *Carson* v.·*Ingalls* (33 Barb., 657); *Lesley* v. *Johnson* (41 id., 359); *Williams* v. *Fitzhugh* (44 Barb., 322); *Crippen* v. *Heermance* (9 Paige, 211); *The Winsted Bank* v. *Webb* (39 N. Y., 325), are directly opposed to it.

The only effect of the agreement made, and the payment of the $1,000 as its consideration, was to create an equitable right in favor of the defendant to have the amount applied as a payment on the mortgage debt. (*Crane* v. *Hubbel*, 7 Pai., 413, 417; *Judd* v. *Seaver*, 8 id., 548.) The agreement being void, equity intervened, and applied the usurious bonus upon the debt as a payment. And upon the facts alleged and proved, such an application should have been. made of it in this case. The right to it is not dependent upon the statutory provision, which allows the recovery by the debtor of usurious premiums paid by him, provided they be sued for within one year. Accordingly, it is.not within the case of *Palen* v. *Johnson* (50 N. Y., 49), relied upon by the plaintiff's counsel. It arises out of the equities of the transaction, which justly apply the money received by the creditor, as the consideration of a

usurious agreement for the extension of the credit, in part payment of the debt. The agreement being void, no other disposition can equitably be made of the money paid by the debtor under it. The facts alleged in the answer and proved upon the trial, and found by the court, entitled the defendant to that application of the money. And, as the law upon that subject has been reasonably well settled, it is the duty of this court, in its administration, to make that disposition of the case. But, as the point was not insisted upon by the counsel for the defendant, he should not, for that reason, be relieved from the costs of the appeal. The judgment should be reduced in its amount by deducting the $1,000, and interest upon it, from its amount; and, as so modified, it should be affirmed with costs to the respondent.

DAVIS, P. J., and BRADY, J., concurred.

Judgment modified by deducting $1,000 and interest; affirmed as modified.