EMILIUS J. ENOS AND JOHN EVANS, RESPONDENTS, v. ISAAC B. LEACH AND LEWIS L. LEACH, APPELLANTS.

*Sureties — when a joint action lies by the sureties against the principal debtors — misjoinder of parties plaintiff — how objection must be raised.*

The plaintiffs, who were sureties upon a note upon which the defendants were liable as principal debtors, being compelled to take it up, paid the holder by giving him their joint note for part, and paying the balance in money, raised upon the discount of a note made by one surety to the order of the other, and discounted for their joint benefit.

*Held*, that the note having been paid by the sureties jointly, they could maintain a joint action to recover the amount thereof from the principal debtors.

*Semble*, that a misjoinder of parties plaintiff is not a ground for the dismissal of the complaint, as to all the parties plaintiff, if either has a good cause of action.

*Semble*, that the objection of misjoinder of parties plaintiff should be raised by answer or demurrer.

*People* v. *Crooks* (53 N. Y., 648) ; *Allen* v. *Buffalo* (38 id., 280) ; *Richtmyer* v. *Richtymer* (50 Barb., 55), are rendered nugatory by subdivison 5 of section 488 of the Code of Civil Procedure.

APPEAL from a judgment in favor of the plaintiffs, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

The action was brought upon a note, of which the following is a copy:

'BOUCKVILLE, *March* 3, 1876.

" One year from date we jointly and severally promise to pay William W. Woodhull, or bearer, $500 for value received, with interest.

" ISAAC B. LEACH,
" L. L. LEACH.

" As surety : John Evans, Henry Brown, E. J. Enos."

*Henry Barclay*, for the appellants.

*A. A. Foote*, for the respondents.

BOCKES, J. :

The action was brought by the plaintiffs as sureties to recover moneys which they allege they were compelled to pay for the defendants, who were the principal debtors. The defendant, Lewis L. Leach, alone defended ; but according to the record the appeal is taken by both defendants. This, however, is probably of no importance in the case.

The fact is settled by the verdict of the jury, that the defendants, as between themselves and the plaintiffs, were principal debtors on the note described in the complaint. The evidence on this question of fact was conflicting. The jury, as they had a right to do, gave credit to the statements of the witnesses who testified in the plaintiff's behalf, and discredited the defendant's evidence submitted by him to sustain the issue on his part. So on this appeal the verdict must be deemed to be conclusive of the fact that the defendants were, as regards the plaintiffs and their rights involved in this case, principal debtors on the note referred to. This note, on which the plaintiffs were sureties for the defendants, the former were compelled to satisfy to the holder, and they did so and took it up. It was paid or satisfied as follows : The plaintiffs gave their joint note to the holder for $250, and paid him the balance — about $320 — in money, obtained on a note made by the plaintiff Evans, and indorsed by the other plaintiff Enos ; which last-mentioned note was discounted for their *joint benefit* in order to raise money to satisfy said balance. Thus, in effect, and, in fact, the note on which the plaintiffs were sureties for the defendants was satisfied and taken up by the plaintiffs, with what was equivalent in law to their joint funds. They gave the holder their own joint note for $250, which was accepted as money ; and paid him the balance in money owned by them jointly, the same having been obtained by them for the purpose of satisfying the claim made upon them on their contract of suretyship. True, the amount over the $250 was not procured on a note signed by them jointly as makers, but the note was made by one of them and was indorsed by the other for the purpose of raising a joint fund with which to satisfy the claim upon them on their contract of suretyship. The money was raised on their joint credit,

to be used by them as a joint fund, and was so used. Thus in fact, and in law, the plaintiffs satisfied and took up the defendants' note on which they were sureties for the latter, with their joint funds, or what was in law equivalent to joint funds. It is urged that the plaintiffs could not recover jointly, inasmuch as the contract of indemnity by the principal debtor was with each surety seperately. But it has been held repeatedly, that if two or more sureties pay their principal's debt out of their joint funds, they may maintain a joint action against their principal. (*May* v. *May*, 1 C. & P., 44; *Osborne* v. *Harper*, 5 East, 255; *Day* v. *Swann*, 13 Maine, 165; *Jewett* v. *Cornforth*, 3 id., 107; *Fletcher* v. *Jackson*, 23 Vt., 581; *Johnson* v. *Allen*, 67 Ill., 317; *Stewart* v. *Vaughn*, 1 Rice [S. C.], 33.) True, it was held in *Gould* v. *Gould* (8 Cow., 168), in accordance with the common law rule that joint sureties, paying money for their principal, should yet sue him severally for the money paid. The decision in this case was affirmed in the Court of Errors. (6 Wend., 263.) But the question whether payment by sureties from their joint funds would give them a joint action against the principal was not deemed to be in the case, and was not there determined. In the absence of an express agreement of indemnity by the principal, the right of action by sureties for money paid for the principal rests on grounds of equity and justice. So the law will imply a promise, on the part of the principal, to refund the money thus paid for his use and benefit. The obligation springs from the justice and equity of the case, and is commensurate with such justice and equity. The implied obligation then will be either joint or several, as the right and equity is joint or several. It follows that if the payment by the sureties be made from their joint funds, the equity to have repayment is in them jointly, and the obligation rests upon the principal to make repayment to them. It seems to me that the case is with the plaintiffs, on the branch of it now under examination, on principle as well as authority, and it must be held that the action was well brought by the plaintiffs jointly.

But should not the objection of misjoinder of parties plaintiff have been raised by demurrer or answer ? (Old Code, §§ 144, 147, 148 Code of Civil Procedure, §§ 488, 490; see new provision, sub. 5 of § 488, Code of Civil Procedure.) Subdivision 5 of section 488

renders the following decisions nugatory. (*The People ex rel.
Lord* v. *Crooks*, 53 N. Y., 648; *Allen* v. *Buffalo*, 38 id., 280;
*Richtmyer* v. *Richtmyer*, 50 Barb., 55.)

And, again, was not a cause of action established in favor
of the plaintiffs separately, if force be given to the objection
that there was an improper joinder of parties plaintiffs? It
was laid down in *Simar* v. *Canaday* (53 N. Y., 298) that a mis-
joinder of parties plaintiffs is not a ground of dismissal of the
complaint as to all the plaintiffs, if either has shown that he has
a good cause of action. (See, also, *Palmer* v. *Davis*, 28 N. Y.,
242.) But it is not deemed necessary here to consider the ques-
tions last above suggested, inasmuch as we are of the opinion that
the action was well brought by the plaintiffs jointly, for the rea-
son that payment was made by them for the defendants, on their
suretyship, from their joint funds or with what was equivalent in
law to joint funds. The case then rests (1) upon the fact deter-
mined by the jury, that the defendants, as to the plaintiffs, were
principal debtors on the note mentioned in the complaint; and
(2) that the plaintiffs, as sureties for the defendants, paid or satis-
fied the note with what in law was equivalent to their joint funds.

Several exceptions were entered by the defendant, who answered
the complaint, to the rulings of the judge upon the admission and
rejection of evidence; and, also, to his rulings on submitting the
case to the jury. But in the view of the case above taken, we
think no error was committed by the learned judge, of which the
appellant can justly complain. Objection was made to the state-
ment of Isaac B. Leach as not binding upon Lewis L. Leach.
The judge did not hold that they were. He merely admitted
them in evidence, and clearly they were admissible against the
defendant making them. The offer to show that the plaintiffs
had notice before the commencement of the suit; that Lewis L.
Leach claimed that he was surety, and not principal on the note,
was irrelevant and immaterial—hence was properly rejected. So,
too, it was immaterial whether the plaintiffs had or had not paid
the notes with which, or with the avails of which, they paid and
satisfied the defendants note on which they were sureties. The
offer of proof in that regard was properly overruled as immaterial.
At first there seemed to be some difficulty in the ruling, on the

exclusion of the offer to show that one of the plaintiffs paid out of his own funds a portion of the note they claimed to have paid together out of their joint funds. But, on looking into the case, it is very manifest that the defendants suffered no injury from this ruling. It did appear, and it stood undisputed that the plaintiffs paid or satisfied the original note on which they were sureties, to the holder, as follows : By giving him their joint note, accepted by him as money for $250, and paying him the balance from funds which they raised on joint account for the purpose. When the case was closed, the facts connected with the payment of the original note by the defendants were undisputed, and they were assumed as undisputed facts by the judge in disposing of the case. So he ruled on those facts as presenting a question of law. The defendants' counsel excepted to the ruling as matter of law. Just how the plaintiffs paid or satisfied the original note to the holder was indisputably proved, and the facts as to how such payment and satisfaction were made were ultimately accepted and admitted by all. So there was no error in the ruling upon questions of evidence affecting the merits of the case, of which the appellants may complain. The several exceptions to the charge, we think, need no comment, more than to say that we deem the record free from error in that regard. We think that the judgment and order appealed from should be affirmed, with costs.

LEARNED, P. J., and BOARDMAN, J., concurred.

Judgment and order affirmed, with costs.