## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### PRUNTY v. MITCHELL & COBBS.

#### January 25, 1882.

1. NON-JOINDER—*Defendants.*—If one of several joint contractors be omitted as defendant, advantage of the omission can be taken *only* by plea in abatement.

2. IDEM—*Plaintiffs.*—If omitted as plaintiff, and the omission appear on the pleadings, advantage thereof may be taken by demurrer, motion in arrest of judgment, or writ of error.

3. IDEM—*Idem.*—But if the omission be disclosed only by the evidence, the plaintiff will be non-suited.

Writ of error to judgment of circuit court of Richmond city, *in assumpsit,* by Jesse Prunty *v.* W. T. Mitchell and W. W. Cobbs, partners trading in the name of Mitchell & Cobbs, and sequel to the case of *Prunty* v. *Mitchell & Cobbs,* reported in 30 Gratt. 247. It did not appear on the pleadings, but it was disclosed by the evidence that W. A. J. Finney was a joint contractor with Mitchell & Cobbs in the contract whereon the action was brought, and, on motion of the defendants, the court instructed the jury to find for the defendants, if from the evidence they believed such to be the fact. The jury so found. Plaintiff excepted, as well on the ground of misdirection by the court as of its refusal to set aside the verdict and grant him a new trial.

*W. W. Henry,* for appellant.

The instruction was a misdirection of the jury, and the verdict was consequently erroneous. The defendants' only remedy for the non-joinder of Finney as a defendant was

by plea in abatement, verified by affidavit; and by failing to put in such plea they waived the omission to join. Stephen on Pl., 4th Am. Ed., pp. 48–51; Ib. p. 430–1; Minor, vol. 4, part 1, p. 630, and part 2, p. 1054; 1 Rob. Pr., Old Ed. p. 163; *Rice* v. *Shute*, 5 Burr. 2611; *Brown* v. *Belches*, 1 Wash. 9; *Shield* v. *Oney*, 5 Munf. 550; *Hawkins* v. *Ramsbottom*, 6 Taunton, 79; and Code of Va., ch. 167, §§ 21, 22, and 23.

No counsel for appellees.

ANDERSON, J., delivered the opinion of the court.

This is an action of *assumpsit* by the plaintiff in error, who was plaintiff below, against Mitchell & Cobbs on an account. Upon the trial on the issue of *non–assumpsit*, the court, upon motion of the defendant, instructed the jury that, if they believed from the evidence that the contract, for the breach of which the plaintiff sues, was made with a partnership firm, of which William A. J. Finney was a member, in addition to the two defendants, they should find for the defendants." To this instruction the plaintiff excepted, and it raises the question upon which this case turns.

When a person who ought to join as *plaintiff* is omitted, if the objection appears upon the pleadings the defendant may demur, move in arrest of judgment, or bring a writ of error. If it does not appear upon the pleadings, but is disclosed by the evidence, the plaintiff will be non-suited. But in case of *defendants,* if a party be omitted who is liable to be sued jointly with the defendants, the objection can be taken only by plea in abatement, verified by affidavit. 1 Chitty on Pleading, p. 53, 16th A. Ed.

Mr. Robinson says: " Pleas in abatement on account of all contracting parties not being sued, were first made necessary in the time of Lord Mansfield. It was then adjudged

(in 1770) that the defendant must say in his plea who the partners are, and that if he does not plead the matter in abatement, the objection is waived." 5 Rob. Prac. p. 78. He cites *Rice* v. *Shute*, 5 Burr. 2613; 2 Wm. Bl. 695; *Abbott* v. *Smith*, 2 Wm. Bl. 947; Buller, J., in *Reesc* v. *Abbott*, Cowp. 832, and *Sheppard* v. *Baillie*, 6 T. R. 329.

Prior to *Rice* v. *Shute*, it appears from the same writer that the defence of "other joint contractors not sued," would avail upon *non-assumpsit* if the defendant showed, in an action on a sole contract, that he had promised jointly with another, his issue was regarded as proved. If that doctrine prevailed now, the instructions given by the court in this case could be maintained. The cases which held that doctrine, it seems, were decided after the action of assumpsit was substituted for the action of debt in cases of simple contract, and before the plea in abatement had been introduced for that form of action. For De Gray, C. J., says : "Proof that another also contracted does not prove that I did not contract." And he observes, this doctrine is as old as the year books. And most of the cases to which he refers, Sir James Mansfield remarks, are cases of debt on simple contract, which was the usual mode of declaring previous to Slade's case. Cited 3 Rob. Prac., ch. 73, § 1, p. 389.

But since *Rice* v. *Shute* and *Abbott* v. *Smith*, defendants can avail themselves of the objection only by plea in abatement. Lord Ellenborough, C. J., referring to these cases in 43 Geo. 3 (1802), said : "That since these cases nobody can entertain a doubt that the objection was available not only by plea in abatement, but that it was available in that way only, and cannot be taken advantage of on the general issue." Mr. Robinson cites numerous cases, English and American, in support of this doctrine.

And in his old book on practice, vol. 1, p. 163, he says when one partner is sued alone upon a partnership transac-

tion, the defendant can only take advantage of it by pleading in abatement and pointing out the other partners. His failure to plead in abatement is a waiver of the objection. He cannot, after pleading to issue, give evidence at the trial that there was another partner not joined in the action And this rule holds, although it should appear by the evidence that the plaintiff knew of the partnership; and he is fortified by the decisions of this court and by other States to which he refers.

It is clear, then, that the instruction is wrong, and that the verdict of the jury, which was in pursuance to it, is also erroneous. The court, is of opinion, therefore, to reverse the judgment of the circuit court, to set aside the verdict and grant the plaintiff a new trial, and to remand the cause for further proceedings to be had thereon in conformity with this opinion.

JUDGMENT REVERSED.