## Staunton.

### WILSON & GRIFFITH v. McCORMICK.

#### SEPTEMBER 15th, 1890.

1. PRACTICE AT COMMON LAW—*Non-joinder—Instructions.*—In *assumpsit* against one defendant, the plea being *non assumpsit,* and it appearing during trial, that with him as partner, another was interested in the contract sued on, and that plaintiff knew it before suit, the jury were instructed that if from the evidence they believed those facts, they must find for defendant. HELD: Error; as non-joinder in assumpsit, as well as in debt and covenant, can only be taken advantage of by plea in abatement, save when it appears on the face of the declaration. *Prunty* v. *Mitchell,* 76 Va., 169.

2. PARTNERSHIP—*Admissions.*—Acts and declarations of a partner in furtherance of the common purpose, and his admissions after dissolution, as to firm business done previously, are binding on the firm.

Error to judgment of circuit court of Clarke county rendered February 2, 1889, in an action of *assumpsit,* wherein the plaintiffs in error, Wilson & Griffiths, were plaintiffs, and Province McCormick was defendant. Opinion states the case.

*Harrison & Byrd,* for the plaintiffs in error.

*Holmes Conrad* and *M. McCormick,* for the defendant in error.

LEWIS, P., delivered the opinion of the court.

This action was brought to recover the sum of $487 50, with

interest, alleged to have been paid by the plaintiffs to George W. Titlow & Co. for, and at the request of, the defendant. The plea was *non assumpsit*, upon which issue was joined. At the trial, evidence was introduced tending to prove that although the contract sued on was in the name of the defendant, and ostensibly for his sole benefit, yet that Marshall McCormick was jointly interested as a partner with him, and that this fact was known to the plaintiffs when the money was paid. After the evidence on both sides had been closed, the court, on the defendant's motion, instructed the jury that if they should believe from the evidence that Marshall McCormick was jointly interested with the defendant in the alleged contract sued on, and that that fact was known to the plaintiffs, or either of them, at the time the contract was entered into, or at any time before the institution of the suit, then that Marshall McCormick was a necessary party to the suit, and they should find for the defendant. They did find for the defendant, and the court entered judgment accordingly, which is the judgment complained of.

The question is thus presented, whether the non-joinder of a co-contractor as a defendant can be taken advantage of under the general issue in an action of *assumpsit*, on the ground of a variance between the *allegata* and the *probata*, when the omission of the co-contractor does not appear on the face of the declaration. The circuit court by its instruction held, in effect, that it can; but nothing is now better settled than that it cannot. The precise question was decided in *Prunty* v. *Mitchell*, 76 Va., 169, which was an action on a partnership transaction, and in which case it was held that the objection can be taken only by plea in abatement verified by affidavit. The failure of the defendant to plead in abatement, said the court, was a waiver of the objection, and this rule holds in such cases, it was added, although it should appear by the evidence that the plaintiff knew of the partnership.

This has always been the prevailing doctrine, says Professor Minor, in respect to the action of covenant and of debt, even on simple contracts; but from the time that, under the sanction of Slade's case, 4 Co., 93a, the action of trespass on the case in *assumpsit* came into common use as a concurrent remedy with debt on promises to pay money, not under seal, it was long the practice in that action to prove the non-joinder of the co-contractor at the trial, upon the general issue of *non-assumpsit*, on the notion that a variance was thereby established between the declaration and the proofs. This practice, however, under the influence of Lord Mansfield, was abandoned in *Rice* v. *Shute*, Burr., 2611, a case which was followed by *Abbott* v. *Smith*, 2 Wm. Bl., 947, and has ever since prevailed in England and America. 4 Min. Inst. (2d ed.), marg., p. 630; *Barry* v. *Foyles*, 1 Pet., 311; *Metcalf* v. *Williams*, 104 U. S., 93; *Seymour* v. *Minturn*, 17 Johns., 169; *Williams* v. *Allen*, 7 Cow., 316; *Henderson* v. *Hammond*, 19 Ala., 340; 1 Smith's Lead. Cas. (7th Am. ed.), 873, notes to *Rice* v. *Shute*.

At the trial, after evidence had been introduced tending to prove that Marshall McCormick was jointly interested as a partner in the contract sued on, a witness for the plaintiffs was asked the following question: "Will you state whether at any time you had any conversation with Marshall McCormick upon the subject-matter of this controversy, and whether you at any time presented him with an itemized statement of the account of the plaintiffs against the defendant?" But the court refused to permit the question to be answered, to which ruling the plaintiffs excepted.

We are of opinion that the exception is well taken. The question was clearly proper, and the court erred in refusing to permit the witness to answer it. It is an elementary principle that the acts and declarations of each member of a partnership, in furtherance of the common object of the association, are binding on the firm; and so it has been held that admis-

sions made by one partner after the dissolution in regard to the business of the firm, previously transacted, are likewise binding on the firm. 1 Greenl. Ev., sec. 112.

The judgment must, therefore, be reversed, and the case remanded for a new trial.

JUDGMENT REVERSED.