## David Rutter & Co., Appellee, v. Robert J. McLaughlin, Appellant.

## Gen. No. 16,081.

1. ABATEMENT—*when plea of, essential to denial of joint liability.* Notwithstanding the pleadings consisted merely of the common counts and the general issue, the defendant in the absence of a plea of abatement is not entitled to introduce evidence to the effect that the liability

sought to be imposed is not individual but a joint liability with a co-partner.

2. EVIDENCE—*when failure to require production of books not erroneous. Held,* that it was not error for the court to refuse to compel the plaintiff to produce his books pursuant to a motion made during the trial and based on an examination of one of the plaintiff's witnesses and a subpoena (the record of such subpoena not appearing).

Assumpsit.    Appeal from the Circuit Court of Cook county; the HON. JOHN A. GRAY, Judge, presiding.    Heard in this court at the October term, 1909.    Affirmed.    Opinion filed April 1, 1912.    Rehearing denied and opinion modified April 15, 1912.

ROSENTHAL, KURZ & HIRSCHL, for appellant.

PADDOCK, FURNESS, CLARKSON & RUTTER, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

The appellee, hereinafter called plaintiff, brought a suit in the Circuit Court of Cook county against the appellant, hereinafter called defendant, on the common counts, with an affidavit that there was due and owing to the plaintiff from the defendant $709.62 for coal, sold and delivered by the plaintiff to the defendant.    The defendant filed a plea of the general issue with an affidavit of merits that he had a good defense to the whole of plaintiff's demand; and also filed a notice of set-off for $2251 for damages sustained by reason of the plaintiff's failing to deliver coal as agreed, damages to boilers and heating apparatus caused by plaintiff's furnishing inferior coal, etc., etc. The issues were submitted to a jury, who returned a verdict for the plaintiff for $490.88 and judgment was entered thereon and the defendant appealed.

The defendant admitted having ordered and received certain deliveries of coal, but claimed that certain other deliveries of coal for which recovery was sought were bought by him and A. Edward Frear, co-partners, doing business under the firm name and style of McLaughlin & Company, and offered proof thereof

to establish his defense that he was not individually liable for the coal purchased by the copartners. On the plaintiff's objection this evidence was excluded on the ground the defendant had filed no plea in abatement. The defendant earnestly insists that the Court committed error in said ruling because, as he contends, under the circumstances of this case a plea in abatement was neither proper nor necessary. The defendant in his reply brief says:

"We concede it to be the law that where the defendant is apprised by the declaration, or must from the circumstances of the case have known before the trial, that it was sought to hold him individually upon a partnership obligation, that he must take advantage of the non-joinder by plea in abatement, but we contend that where, as in the case at bar, there are separate demands, one against the defendant individually, and the other against a partnership of which defendant was a member, both being in dispute, and there being nothing in the declaration to apprise the defendant that he was sued on any other than the demand against him individually, defendant is not to be precluded from showing the facts by his failure to plead in abatement, as he could not be expected to know that it would be necessary for him to do so."

The proposition is an interesting one and may obviously be the subject of a difference of opinion. However, the precise question here presented was determined in Wilson v. Wilson, 125 Ill. App. 385, and we are not disposed to hold to the contrary. In that case, as in this, the pleadings consisted of the common counts and the general issue; and the defendant there sought to introduce evidence to show a joint liability with a copartner, who was not made a party defendant, and the Court held such evidence not admissible. The Court there said, p. 389: "The rule at common law is that if a person be omitted as defendant who ought to be joined in an action on a contract, ad-

vantage of the omission can only be taken by a plea in abatement, unless the joint liability appears from the plaintiff's own pleading. 1 Chitty's Pl. 46; 1 Saunder's Pl. and Ev., 10; Rev. Stat., Chap. 1, Sec. 4; Conley v. Good, Breese, 135; Lurton v. Gilliam, 1 Scam. 577; Puschel v. Hoover, 16 Ill. 340; Thompson v. Strain, 16 Ill. 369; Pearce v. Pearce, 67 Ill. 207; Ross v. Allen, 67 Ill. 317; Sinsheimer v. William Skinner Mfg. Co., 165 Ill. 116. Proof that another is liable with defendant does not tend to show that defendant is not liable, and hence does not tend to establish the general issue. The fact that the joint liability is not claimed to cover all the items of plaintiff's demand does not abrogate the rule requiring that defense to be set up by a preliminary plea which gives the plaintiff a better writ, if he choose to avail of it. As defendant did not plead this defense in abatement, this proof was properly rejected."

This view of the law is supported by 1 Chitty, 14 Am. ed. 458; Hill v. White, 6 Bing. N. C. 23 (37 E. C. L. 489); Prunty v. Mitchell, 76 Va. 169; Wilson v. McCormick, 86 Va. 995.

It is argued that the Court erred in not requiring the plaintiff to produce their books under Section 9, chapter 51 of the Revised Statutes, the motion being made during the trial and based on an examination of one of plaintiff's witnesses and a subpœna, of which there is no record. We do not think any such showing as contemplated by the statute was made that required the Court to enter the order requested.

We are of the opinion that the other errors assigned are unimportant and the judgment is affirmed.

*Affirmed.*