SpenceR, J.
delivered the opinion of the court. The. defendant obtained a verdict in this case against the charge ofthe judge who presided at the trial, and it is now a question, whether that verdict is supported by the evidence.
The defendant relies on two considerations to retain the verdict : 1. That Jacob N. Hollenbeck (under whose deed the rent and reversion of the lands leased to the defendant, áre claimed as having passed to the plaintiff’s wife) was illiterate, and the deed was not read to him before execution : 2. That there was fraud in obtaining it. There is no proof that the deed was read, and it is certain that the grantor was a very illiterate man; but the circumstance that the deed was not read, is of no weight, unless it also appear to have been required, and of this there is no evidence; on the contrary, there can be no doubt but that the grantor was fully apprized of the nature and' contents of the deed. I see no evidence *405 in the case authorizing any belief that there was fraud in obtaining the deed ; and consequently, the verdict is against both the evidence and law of the case. I put out of view the subsequent marriage of the grantor and birth of a child ; in the case of a revocable instrument these might be, and are weighty circumstances to infer an alteration of intention. We are of opinion, that there must be a new trial on payment of costs.(a)
New trial granted.

.) Where an illiterate man is induced to sign a deed hy misrepre-sontation of its nature and contents after a refusal of a request to have. ** reac* to die deed is void, Jackson v. Hayner, 12 Johns. 469. See Whelan v. Whelan, 3 Cowen. 537, in Courtof Error.