## BOSWELL *vs.* MORTON.

1. When two persons sign their names to the blank form at the bottom of a writ acknowledging themselves security for the costs of suit, their contract is joint only, and not joint and several, either at common law or under the statute of this State.
2. But when suit is instituted against one of them on their joint contract, he can only take advantage of the non-joinder of the other by plea in abatement.
3. And when a motion is made for a summary judgment against one for the costs of the suit, and he does not interpose any objection on account of the non-joinder of the other, as a defence, he will be held to have waived it.
4. A motion for a summary judgment against a security for the costs of suit may be made before the costs are taxed; and it is sufficiently certain by showing that it is for cost, without setting out the amount or items of cost.

ERROR to the Circuit Court of Fayette.

Tried before the Hon. Wm. R. Smith.

E. W. PECK, for plaintiff in error.

P. &. J. L. MARTIN, *contra.*

DARGAN, C. J.—Gustavus Boswell moved the Circuit Court of Fayette for judgment against James B. Morton to recover of him the cost of a suit that had been commenced by William Morton against said Boswell, and which had been decided against the plaintiff, William Morton. In the motion it is alleged that James B. Morton was the security for the costs of said suit; and on the trial, the plaintiff read in ev - dence, in support of the motion, the following endorsement on the back of the writ: "We acknowledge ourselves security for the cost in this case," which was signed, James B. Morton, M. D. Foster. He then produced the judgment, by which he was adjudged to recover his cost, and also an execution issued thereon, against the plaintiff in the original suit, which had been returned *nulla bona.* The court refused the motion, and the cause is brought here by writ of error.

As the motion was refused, and the record does not show the special ground of refusal, we must consider the whole case as made by the proof; for if there could be found one sufficient reason why the judgment should not have been rendered, then we cannot reverse. It is very clear that the con-

tract, by which the defendant became bound for the cost, is not one which is joint and several by the common law; and it is equally clear that it is not made so by our statute, for it is neither a bond, covenant, bill, promissory note, nor a judgment, and these are the only contracts which, being joint by the common law, are made joint and several by our statute. Clay's Dig. 323. The contract is therefore joint only, and not joint and several; and the first question is, can this summary proceeding be allowed on a joint contract against one of the joint contracting parties, without showing a reason why the plaintiff does not proceed against both. If suit had been brought on this contract in the usual manner, the defendant could have availed himself of the defence of the nonjoinder of his co-security by plea in abatement alone; and we think this defence should have been interposed in some manner as a defence, although the proceeding is by motion. Indeed, if we hold that the motion could be sustained against one by showing that no judgment could be rendered against the other, we then admit the jurisdiction of the court to proceed against one only; and if the court has jurisdiction to proceed in this summary manner, but there is a defence which will abate or quash the motion, it should have been made by the defendant. He was present in court, and made no objection, so far as we can discover, because of the nonjoinder of Foster; and therefore we must consider that none could have been made; or if it could, that it was waived by the defendant.

The next objection to the motion is, that it does not specify the amount of cost sought to be recovered; but we think this is unnecessary. It is true that the judgment, when rendered against a security for cost, must show the amount. See Martin v. Avery, 8 Ala. 430; Barton v. McKinny, 3 Stew. & Por. 274; but the motion itself may be made even before the cost is taxed, and is sufficiently certain by showing that it is for cost, without setting out the amount or the items of cost. It is however contended, that the evidence in the court below did not show the amount of cost. But it appeared that an execution for the cost had been issued against the plaintiff in the original suit, which had been returned *nulla bona;* and we know that it is the duty of the clerk to tax the cost, and

the execution must show the amount.   This we apprehend was done in this case; indeed, we could draw no other inference or conclusion, unless the record contained something to repel such an inference.

It is true, that no inference can be drawn in support of the jurisdiction of the court, when proceeding in this summary manner; but when the question is merely one of evidence as to the amount of the plaintiff's demand, we must weigh it, and draw all just inferences from it, in the same manner that we would had the suit been commenced by ordinary writ.

The authorities to which we have referred show, that the form of the contract by which the security binds himself to pay the cost is immaterial.   Upon the whole, we can see no good reason why the motion was not granted; and the judgment must be reversed and the cause remanded.