## INGERSOLL *vs.* ROBINSON.

[ACTION ON PROMISSORY NOTE, BY PAYEE AGAINST MAKER.]

1. *Set-off of partnership against individual debt.*—In an action on a promissory note, by the payee against the maker, a plea averring that the plaintiff is a member of a partnership which is indebted to defendant, but not stating that the debt is due by "judgment, bond, covenant, or promise in writing," (Code, §§ 2142–43,) is defective as a plea of set-off.

APPEAL from the Circuit Court of Russell.

Tried before the Hon. JOHN GILL SHORTER.

THIS action was brought by Alexander J. Robinson, against Stephen M. Ingersoll, and was founded on the defendant's promissory note for $1061 61, dated the 16th May, 1857, and payable on the 1st January next after date. The defendant pleaded the general issue, and a special plea in the following words: " The defendant, as a *defendant* to the action of the plaintiff, says, that at the time the said summons was sued out, the said plaintiff was a silent partner of one Horace King, a free negro; that said firm, composed of said plaintiff and said King, was indebted to defendant in the sum of $1500, by *amount* due, and which he hereby offers to set off against the plaintiff's demand; and he claims judgment for the residue." The court sustained a demurrer to this plea, and its ruling is here assigned as error.

BARNETT & PHILIPS, for appellant.

GOLDTHWAITE, RICE & SEMPLE, *contra*.

STONE, J.—The plea of set-off in this case fails to aver that the demand sought to be set off, was a "judgment, bond, covenant, or promise in writing." It is described as a partnership debt, and hence is not within the statute which declares partnership debts to be several as well as joint.—Code, § 2143.

The court did not err in sustaining the demurrer to the second plea.—Duramus v. Harrison, 26 Ala. 326.

Judgment affirmed.