# McKee *v.* Griffin *et al.*

### Action on Official Bond of Register in Chancery.

1. *Action on bond; non-joinder of obligors.*—Under the present statute (Code of 1876, § 2904), as under the act of 1818 (Clay's Digest, 323, § 61), joint bonds are made joint and several; and a plaintiff may, at his election, sue one, several, or all of them: in an action against one or more, the non-joinder of the others is not pleadable in abatement.

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. WM. L. WHITLOCK.

This action was brought by William McKee, against William M. Griffin, Washington W. Griffin, and David C. Jordan; and was commenced on the 8th July, 1871. The action was founded on the official bond of Walter P. Macfarlane, as register in chancery for the 32d chancery district; which bond was dated the 25th August, 1857, was conditioned as required by law, and was signed by said defendants, with several others, as sureties for said Macfarlane. The complaint alleged the execution of the bond, set out its condition, and alleged, as a breach, the recovery of a judgment against said Macfarlane, under a garnishment against him as such register in chancery, and the issue and return of an ex-

ecution thereon unsatisfied. The defendants craved oyer of the bond, and pleaded in abatement the non-joinder of the other obligors who were not sued. The plaintiff demurred to this plea, and moved to strike it from the files; but the court overruled the motion and the demurrer, held the plea sufficient, and rendered judgment for the defendants. The judgment on the demurrer to the plea in abatement is now assigned as error.

THOS. H. WATTS, with ROBINSON & BROWN, for appellant, cited *Ingersoll v. Robinson*, 35 Ala. 292; *Rupert & Cassety v. Elston*, 35 Ala. 79; *Duramus & Harrison v. Whitman*, 26 Ala. 326; *Martin v. Townsend*, 2 Stew. 329; 1 Brickell's Digest, 6, § 92.

H. C. SEMPLE, *contra.* (No brief on file.)

STONE, J.—Under the act of 1818 (Clay's Dig. 323, § 61), it was declared, "Every joint bond, covenant, bill, promissory note, or judgment of any court of record of any State or Territory of the United States, shall be deemed and construed to have the same effect in law, as a joint and several bond, covenant, bill, promissory note, or judgment; and it shall be lawful to sue out process, and proceed to judgment, against any one or more of the obligors, covenantors, or drawers of any such joint bond, covenant, bill, or promissory note, or against any one or more of the defendants to any such joint judgment."

If we were called upon to construe this statute as *res integra*, we would be inclined to hold, that the last clause—that which declares in what form suit shall be brought—was not intended to introduce new elements into the statute, but as defining and declaring what is meant by the precedent words, "joint and several"; namely, that suit on such contracts may be prosecuted "against any one or more of the obligors, covenantors, or promisors." Such has always been the construction of the statute, and such, it is believed, has always been the understanding of the profession. The statute was eminently remedial of a hardship and obstacle in the administration of justice under the rules of the common law; and it has uniformly been considered a duty to construe its provisions liberally, in advancement of the remedy. Of a class with the section copied above, are sections 2 and 8 of the same statute; the former providing for a discontinuance of the suit as to parties not served, and the latter applying the same principles of joint and several, to any cause of action that may exist against two or more partners.

These several provisions were enacted in one statute, and should be interpreted in *pari materia*, and as constituting a system.—See *Jones v. Pitcher*, 3 Stew. & Por. 135, 163; *Whitsett v. Womack*, 8 Ala. 466; *Henderson v. Hammond*, 19 Ala. 340; *Boswell v. Morton*, 20 Ala. 235; *Duramus v. Harrison*, 26 Ala. 326; *Rupert v. Elston*, 35 Ala. 79; *Ingersoll v. Robinson*, 35 Ala. 292. And, instead of limiting or restricting these enactments, remedial of the hardships of the common law, later enactments have extended their provisions.—See Code of 1876, sections 2904 to 2913, inclusive.

It is contended for appellee, that the Code, by omitting the last clause of section 1 of the act of 1818, copied above, intended to make a change in the statute, and to declare that suits on such contracts can now be brought only against one joint maker individually, or against all jointly. It is known that, in the preparation of our Code, separation of subjects, and brevity of expression, were cardinal aims. Hence, synonyms and unnecessary words were sought to be omitted. This purpose and policy were sometimes indulged to an extent that renders it necessary to supply omitted words, implied, but not expressed. Sometimes grammatical rules were sacrificed, in promotion of this persistent aim at brevity. We think that, in omitting the last clause of section 1, act of 1818, copied above, and which we have construed as defining and declaring the meaning of the words "joint and several," the authors of the Code did not intend to change the meaning, or impair the usefulness, of this highly beneficial statute.

The demurrer to the plea in abatement should have been sustained. The judgment is reversed, and the cause remanded.

BRICKELL, C. J., not sitting, having been of counsel.