# Goetter, Weil & Co. *v.* Pickett.

### *Action on Promissory Note.*

| 61 | 387 |
| 104 | 506 |
| 61 | 387 |
| 108 | 137 |
| 109 | 159 |

1. *Waiver of exemption, plea as to; what not demurrable.*—Our statute (Code, § 2849) contemplates that in suits on written instruments in which exemptions are waived, the fact of such waiver shall be averred, and gives the defendant, not controverting the existence of the debt, the right to limit his contestation to the fact of such waiver ; and the statute giving the right, such a plea is not demurrable, because it does not answer the whole declaration ; the consequence of the plea if sustained, is not to deprive the plaintiff of judgment for his debt and cost, but only to prevent the insertion in the judgment of the recital of waiver which would authorize a levy on exempt property.

2. *Waiver of exemptions; when failure to read instrument will not defeat.* One who can read and write, and had ample opportunity to read the whole of a note containing a waiver of exemptions, before he signed it, can not, in the absence of fraud or misrepresentation practiced on him, set up his own failure to read the note, in order to avoid its stipulations, or in support of a plea putting in issue the fact of the waiver of exemptions.

APPEAL from Montgomery Circuit Court.

Tried before Hon. JAMES Q. SMITH.

The appellants, Goetter, Weil & Co., brought this action against the appellee, Pickett, to recover the amount due upon a promissory note which he executed to them.

The complaint, after describing the note declared on, concludes with the averment "that the defendant waived all exemptions under the constitution and laws of Alabama in the promissory note sued on."

The defendant filed two pleas. The first was a plea of *non assumpsit.* The second was a sworn plea as follows : "For further answer to so much of the complaint as avers ' that the defendant waived all his exemptions under the constitution and laws of Alabama, in the promissory note sued on,' the defendant controverts the same, and denies that in and by said promissory note or otherwise, the defendant waived any or all of his exemptions under the constitution and laws of Alabama."

[Goetter, Weil & Co. v. Pickett.]

Plaintiffs demurred to this last plea, because "it was not a full and complete answer to the complaint, or cause of action sued on."

"The court announced to defendant that it would sustain the demurrer to this plea, unless he admitted the indebtedness set forth in the note sued on, and defendant thereupon admitted said indebtedness, and the court overruled the demurrer."

The note sued on, and which it was admitted the defendant signed, "was the size of an ordinary note, printed with the exception of names, dates, and amounts." The latter part of the printed matter in the note, read as follows: "And as part of the consideration hereof, I hereby waive all right I may have under the constitution and laws of Alabama, to have any of the property of the said ——— exempted from levy and sale under legal process."

It was "proved" that Pickett was a man over forty years of age, of fine education and social position, and has had large interests under his control for many years. Before the note sued on was given, appellants held Pickett's note, which contained no waiver of exemption. "Weil, one of the appellants, met Pickett on the street, and asked him to call by and renew the note held by them, as they wished to use it in bank." Pickett was in a great hurry to get off to his plantation, but replied that he would do so. Pickett testified that plaintiffs did not ask him to give a "waiver note" in renewal of the old note, and did not mention waiver of exemptions to him. "It was proved," that after this conversation, plaintiff unaccompanied by defendant went into the back part of the store, and directed his book-keeper to fix up a note waiving exemptions. Defendant afterwards went in, and the note was handed to him to sign without being read over to him, and without the fact being called to his attention that it waived exemption."

"The defendant then offered his own testimony that he was in a great hurry when approached by Weil, and when said note was signed, being about to leave the city for his farm in the country, and that he (defendant) signed said note supposing it to be an ordinary note without waiver of exemptions, in renewal of his old note in which there was no waiver; that he would not have signed it, if he had known it contained a waiver of exemptions, and that he only read said note so far as to ascertain the amount thereof. The plaintiffs upon this evidence objected to his testifying that

[Goetter, Weil & Co. v. Pickett.]

he had not read the note," but the court overruled the objection, and plaintiffs duly excepted.

The jury found for the plaintiff, and assessed his damages accordingly, but found further that the defendant did not waive exemption to any part of his personal property, and the court thereon rendered judgment accordingly.

Overruling the demurrer, and plaintiffs' objection to the testimony, are now assigned for error.

SAYRE & GRAVES, for appellants.—1. The demurrer to the second plea ought to have been sustained. It was not a full answer to the complaint. If the appellee did not sign the exemption part of the note, it was not his note—and the law required him to deny its execution *in toto*.

2. There was no evidence of fraud. Where one signs a writing, there being no fraud, he is conclusively presumed to have read it, he being an intelligent man and able to read. 56 Mass. 80; *Squires et al. v. N. Y. Central R. R. Co.* 98 Mass. 239; *Hawkins v. Hudson,* 45 Ala. 482.

L. A. SHAVER, *contra.*—1. Section 2849, Code of 1876, expressly declares, that "in all suits at law or equity, *upon instruments in which the exemptions are waived,* the complaint or bill shall contain an averment of such waiver, *which may be controverted by any person signing the instrument,*" &c.

Moreover, as shown by the bill of exceptions, the court before overruling the demurrer to the second plea, and as a condition of overruling it, required the defendant to admit the indebtedness. This was an error of which the defendant might well have complained, but it left the question of waiver as the sole issue, and the second plea was then a full answer to the only portion of the complaint in issue.

2. There was evidence from which the jury might have inferred fraud.

3. Fraud was not necessary. The general rule is, that the *mutual assent* of both parties is necessary to constitute a contract. The *contract* itself results exclusively from the *consent,* the *aggregatio mentium* of the parties, without which there can be no contract.

The note in this case not having been negotiated, the suit being between the original parties, there being no interests of *bona fide* purchasers for value at stake, and there being no new consideration, fraud was not necessary.—See *Gibbs v. Lineburg,* 22 Mich. 479.

There is no conclusive presumption that a party signing

[Goetter, Weil & Co. v. Pickett.]

a waive note has read it, for the statute (§ 2849, Code of 1876,) expressly declares, that a *party signing* a waive note may *controvert the waiver*.

BRICKELL, C. J.—1. The statute contemplates that in suits upon instruments in which exemptions are waived, the fact of waiver shall be averred by the plaintiff, and the defendant may, if he does not contradict the existence of the debt, limit his contestation to the fact of such waiver.—Code of 1876, § 2849. The general rule of pleading at common law, was, that a plea in bar professing in its commencement to answer the whole declaration, was bar on demurrer, if its matter was an answer to a part only of the plaintiff's cause of action.—1 Chit. Pl. 523. The statute conferring on a defendant the right of contesting only the fact of waiver of exemptions, when that is expressed in the instrument on which suit is founded, modifies the rule. If his plea or contestation is limited alone to the fact of the waiver—to a denial of the averment in the complaint of the waiver—it is an answer to that averment only ; and if it is sustained the only consequence is, that the judgment rendered will not contain a recital of the fact of waiver, though it may be for the debt or demand claimed, and process issuing on it would not authorize a levy and sale of the property exempt. The plea in the present case, is on a proper construction, properly framed so as to put in controversy, no other averment of the complaint, than the waiver of exemptions. It limits the contestation to that fact, and the statute in express terms confers the right of contestation to that extent. Finding that plea true, could not have deprived the plaintiffs of a judgment for the debt and costs, and we do not think it was obnoxious to the demurrer interposed.

2. The remaining question is presented by the bill of exceptions, and is confined to the single inquiry, whether it was competent for the defendant in support of the plea denying the waiver of exemptions, to prove that he did not read the note, at the time of signing it. The evidence without conflict showed that he could read and write, and that he had ample opportunity of reading the note before signing it, and that he did read it so far as to ascertain its amount. There was no misrepresentation to him of the contents of the note, and if he has executed an instrument, he did not intend executing, his own negligence without any fraud or deceit of the party with whom he was dealing, is the cause. The fact that he did not read it, having full opportunity to do so,

simply proves his negligence and inattention to his own interests, and in the absence of all misrepresentation or artifice by the party with whom he was dealing, was immaterial and irrelevant. A party who having full capacity and opportunity to read a paper, and to whom there is no misrepresentation of its contents, can not set up his own want of attention—his failure to read it, as a fact to invalidate it. *Hawkins v. Hudson*, 45 Ala. 482; *Hallenbeck v. Dewitt*, 2 Johns. 404; *Greenfield's Estate*, 14 Penn. St. 489; 2 Whart. Ev. § 932.

The judgment is reversed and the cause remanded.