# Fears *v.* Thompson.

### *Attachment by Landlord, for Rent and Advances.*

1. *Notice of levy of attachment.*—When the sheriff's return states that the defendant "had personal notice of the levy of this attachment," the presumption will be indulged, after judgment by default, that the notice was in writing, as required by law.

2. *Variance between affidavit and complaint, as to amount of debt claimed.*—After judgment by default in an action commenced by attachment, a variance between the affidavit and the complaint, as to the amount of the debt claimed, is not available on error.

3. *Waiver of exemptions; indorsement on writ, or recital in complaint and judgment.*—In an action on a promissory note (or other written instrument) containing a waiver of exemptions, if commenced by summons and complaint, the complaint must aver such waiver; if commenced by attachment, it must be indorsed on the writ, after satisfactory proof to the officer issuing it (Code, §§ 2849–50); and without such indorsement, there is no authority for reciting it in the judgment-entry.

APPEAL from the Circuit Court of Chambers.
Tried before the Hon. JAS. W. LAPSLEY.

[Fears v. Thompson.]

This action was brought by A. J. Thompson, against Warren Fears, and was commenced by attachment, which was sued out on the 11th November, 1886. The cause of action, as stated in the affidavit for the attachment, was $800, alleged to be "due for rent of land rented this year by said Fears from said Thompson, and for advances made by said Thompson, as landlord, to said Fears as tenant, during the years 1882 to 1886." The attachment was levied by the sheriff, as shown by his return, on several bales of cotton, a quantity of corn, one horse, and other articles of personal property; and the return, which was dated November 12th, 1886, further stated "that the defendant had personal notice of the levy of this attachment." On the 12th May, 1887, a complaint was filed in the cause, claiming $330.14 "due by promissory note made by defendant, April 25, 1886, payable to plaintiff, October 1st, 1886; in which note defendant waives his right of exemptions as to personal property; said note being for $471.27, with a credit of $141.13." On the same day, May 12th, 1887, a judgment by default was entered against the defendant, for $330.14, besides costs; the judgment reciting a waiver of exemptions as to personal property, and directing the clerk to indorse such waiver on any execution that might be issued on it. This judgment is now assigned as error.

N. D. DENSON, for appellant.— (1.) The notice of the levy of the attachment was not in compliance with the statute, and is not sufficient to support the judgment by default. Code, § 3260; 31 Ala. 193; 36 Ala. 604; 39 Ala. 227; 73 Ala. 85; 35 Texas, 267; 43 Cal. 577. (2.) The complaint is an entire departure from the affidavit on which the attachment was issued, there being a substantial variance in the debts described, both in character and amount. (3.) There was no authority for entering the alleged waiver of exemptions in the judgment. The averment of the complaint, which was filed on the day the judgment was rendered, amounts to nothing.—Code, §§ 2849-50.

J. R. DOWDELL, contra.—The "personal notice" of the levy, shown by the sheriff's return, may have been in writing; and this court will indulge the presumption that it was.— Weir v. Peebles, 60 Ala. 413; 1 Brick. Digest, 781, §§ 117-20. (2.) The supposed variance is not available on error, after judgment by default. (3.) In reciting the waiver of exemptions, the judgment follows the complaint. Code, § 2849.

[Fears v. Thompson.]

CLOPTON, J.—1. The first error assigned is, that the judgment by default was prematurely rendered; the objection being, that it does not affirmatively appear that the defendant had notice in writing of the levy of the attachment. The return of the sheriff is, "that the defendant had personal notice of the levy of this attachment." On the presumption, that sworn public officers discharge their duties in the manner prescribed by law, the return implies that notice in writing was given by the sheriff; otherwise, the return is untrue, for verbal notice is not the statutory mode of notice. The presumption being in favor of the verity or correctness of the return, it is *prima facie* sufficient to support the judgment by default.—*Mayfield v. Allen*, Minor (Ala.) 274; *McAbee v. Parker*, 78 Ala. 573.

2. A variance between the amount of the debt claimed in the affidavit for the attachment, and the amount claimed in the complaint, must be taken advantage of in the trial court. The objection can not be made on appeal for the first time. *McAbee v. Parker, supra.*

3. The judgment recites a waiver of exemptions, and orders the clerk to indorse the same on any execution that may be issued. In all suits upon an instrument in which the exemptions are waived, the complaint must contain an averment of such waiver; and when a writ of attachment is sued out for the collection of any note, upon or in reference to which such exemptions have been waived, the officer issuing the writ must indorse the fact thereon, having first satisfied himself by evidence that a waiver of exemptions has been made; and must require the party suing out the writ of attachment to make affidavit that the exemption has been waived, which shall be filed with the papers in the cause, and becomes a part thereof.—Code, of 1876, §§ 2849, 2850. The defendant has the right, under the statute, to controvert only the fact of waiver; and if the issue is found in his favor, the plaintiff may, nevertheless, have judgment for his debt and the costs.—*Goetter v. Pickett*, 61 Ala. 387. The design of the statute is, to provide the mode by which the claim of the waiver of exemptions may be regularly and appropriately presented in the pleadings, so that issue thereon may be joined, and the defendant have opportunity to appear and contest it. The recital of such waiver in the judgment-entry, and the indorsement of the same on any execution issued, are of statutory origin and authority, dependent on the statutory indorsement on the writ. Without such antecedent indorsement, there is no legal presentation of the claim of waiver which the defendant is required to answer, or on which the court is authorized to embody

in a judgment by default a statement or recital of such waiver. A complaint·containing the averment, filed at the return term of the attachment, of which defendant has no notice,· is not, in the absence of the indorsement on the writ, a compliance with the statutory requirements.

The judgment is reversed, and a judgment here rendered, omitting the clause relating to· the waiver of exemptions. Appellee will pay the costs of appeal.