ROBERT D. METCALF, in equity,

*vs.*

JOSEPH L. METCALF, and another.

Knox.    Opinion June 1, 1893.

*Equity. Cancellation. Deed. Evidence.*

Upon appeal in equity the verdict of a jury upon an issue of fact submitted to them will be sustained unless there is some weighty or material reason why the verdict does not satisfy the court.

But the findings of a jury in such case must be such as, upon all the evidence, shall satisfy the conscience of the court to found a decree upon or they will be set aside.

The verdict is merely advisory, and the court will disregard it whenever in the judgment of the court it is unsatisfactory.

Where fraud and deceit are alleged as the ground for setting aside a deed between the parties, it is incumbent upon the plaintiff to establish the charge by legitimate evidence. This rule prevails in equity as well as at law.

Whether the deed was obtained by fraud or deceit is to be determined by the facts existing prior to and at the time when the deed was executed and delivered.

Subsequent facts, while admissible in evidence, are alone insufficient to establish a prior fraud.

If a party can read, it is not open to him, after executing the deed to insist, that the terms of it were different from what he supposed them to be when he signed it.

ON APPEAL.

Hearing in equity on a bill praying for cancellation of a deed, and reported to this court with answers and testimony ; a decree in favor of the plaintiff having been rendered by the single justice who heard the cause, with the aid of a jury, in the court below.

The bill, after reciting the ownership and possession on the 12th of August, 1889, of a certain lot of land, with the buildings thereon by the plaintiff and of the value of one thousand dollars,

alleges against the defendant: "That on the said 12th day of August, said Joseph L. Metcalf, the son of the plaintiff, caused a deed to be drawn, wherein the plaintiff purported to be the grantor and the said Joseph L. Metcalf was grantee ; purporting to convey to said Joseph L. Metcalf the real estate above described, with the following reservation : 'Reserving to myself the sole use and occupancy of the above described premises during my life-time, also reserving to my wife, Lucy A. Metcalf, the use of the premises jointly with myself during her life-time.'

"That the said Joseph L. Metcalf caused the name of the plaintiff to be affixed to said deed by the scrivener without the knowledge of the plaintiff that the same was a deed and without his consent; and caused a certificate stating that said deed had been acknowledged by the plaintiff to be his free act and deed, to be affixed thereto by a justice of the peace, without the knowledge or consent of the plaintiff; and said deed so fraudulently executed and acknowledged, the said Joseph L. Metcalf thereafterwards caused to be recorded in the registry of deeds of said county of Knox, in volume 80, page 401, of said registry.

" (Third.) That upon the 18th day of December, 1889, the said Joseph L. Metcalf executed a mortgage of said real estate to said Dora F. Metcalf, his wife, conditioned to pay to said Dora F. Metcalf the sum of one thousand dollars in five years, and caused the same to be recorded in volume 76, page 527, of the records in the Knox county registry of deeds ; and plaintiff avers that said Dora F. Metcalf then and there well knew that the deed aforesaid to Joseph L. Metcalf had been procured by said Joseph L. Metcalf in the manner hereinbefore set forth and was void; and plaintiff further says that said mortgage was wholly without consideration and executed for the purpose of creating a cloud upon the title of the plaintiff and void.

" (Fourth.) That said deed and mortgage so fraudulently executed, acknowledged and recorded are in fact void, although upon their face they appear to be valid conveyances and constitute a cloud upon the title of the plaintiff.

"Wherefore the plaintiff prays that said fraudulent deed and

mortgage may be cancelled and decreed to be void, and that the defendants may be ordered and decreed to surrender the same; that said Dora F. Metcalf may be ordered to discharge said mortgage and said Joseph L. Metcalf may be ordered and decreed to execute a quitclaim deed of said premises; and that he may have such other and further relief as the nature of the case may require."

"Answer of Joseph L. Metcalf, one of said defendants, who answers and says:

"(First.) That he admits that on the 12th day of August, A. D., 1889, the complainant was the owner in fee simple of the real estate described in the bill.

"(Second.) He·says that on said 12th day of August, A. D., 1889, the complainant conveyed to him by his deed of that date said real estate, with the reservation set forth in the bill, and that he caused said deed to be recorded in Knox registry, volume 80, page 401.

"(Third.) He denies that he caused the name of the complainant to be affixed to said deed without the knowledge of the complainant that the same was a deed and without his consent; he denies that he caused a certificate stating that said deed had been acknowledged by the complainant to be his free act and deed, to be affixed thereto by a justice of the peace, without the knowledge or consent of the complainant; and avers that said deed was signed, sealed, executed and acknowledged, and delivered to him by the complainant for a good and sufficient consideration, and with full knowledge that it was a conveyance to this defendant of the property therein described.

"(Fourth.) He admits that on the 18th day of December, A. D., 1889, he executed a mortgage of said real estate to his wife, said Dora F. Metcalf, with the condition set forth in said bill; he says that said Dora caused said mortgage to be recorded as stated in the bill; he denies that his said wife knew or had any reason to believe that said deed from the complainant to him was obtained as set forth in the bill, and avers that she knew that said deed had been executed and delivered by the complainant with full knowledge of its contents and effect and

for a good and sufficient consideration; he denies that said mortgage was executed for the purpose of creating a cloud upon the complainant's title; and avers that the same was given for a good and sufficient consideration.

" (Fifth.) He denies that said deed and mortgage were fraudulently executed, acknowledged and recorded; he denies that said deed and mortgage, or either of them, are void; and alleges that said deed is, in fact, as it purports to be, a valid conveyance by the complainant to him, of the premises therein described; and that said mortgage is, in fact, as it purports to be, a valid conveyance, in mortgage, of said premises from himself to his wife, said Dora F. Metcalf."

" Answer of Dora F. Metcalf, one of the defendants, who answers and says :

" (First.) She admits that on the 12th day of August, A. D., 1889, the complainant was owner in fee of the premises described in the bill.

" (Second.) She says that on said 12th day of August, A. D., 1889, the complainant conveyed said real estate, with the reservations set forth in the bill, to said Joseph L. Metcalf by his deed of that date, recorded in Knox registry, volume 80, page 401.

" (Third.) She denies that said Joseph L. Metcalf caused the name of the complainant to be affixed to said deed without the knowledge of the complainant that the same was a deed and without his consent; she denies that said Joseph L. Metcalf caused a certificate stating that said deed had been acknowledged by the complainant to be his free act and deed to be affixed thereto without the knowledge or consent of the complainant; she says that she is informed and believes and therefore alleges that said deed was signed, sealed, executed and acknowledged, and delivered to said Joseph L. Metcalf for a good and sufficient consideration, and with a full knowledge that it was a conveyance to said Joseph L. Metcalf of the property therein described.

" (Fourth.) She admits that on the eighteenth day of December, A. D., 1889, said Joseph L. Metcalf executed and delivered to her a mortgage of said premises with the condi-

tion set forth in the bill, and that she caused said mortgage to be recorded in Knox registry, volume 78, page 527 ; she denies that said mortgage was fraudulent or void and says that the same was given her by said Joseph L. Metcalf for a good and sufficient consideration.

" (Fifth.) She says that she does not desire to have any controversy or litigation with the complainant, and that on the twenty-third day of May, 1891, she discharged said mortgage by a written discharge under her hand and seal, which she has caused to be recorded in the registry of deeds for Knox county, and she claims no right, title or interest in said premises by virtue thereof."

An issue was framed for the jury upon the question whether the defendant obtained the deed from the plaintiff in the manner charged in the bill. They returned a verdict for the plaintiff.

A decree was made for the plaintiff in accordance with the verdict, and the defendant appealed to this court.

The plaintiff discontinued as to defendant's wife, she having disclaimed, in her answer, any interest in the property.

The case is stated in the opinion.

*C. E. and A. S. Littlefield*, for plaintiff.
*W. H. Fogler*, for defendant.

FOSTER, J. This case is before the court on appeal from a decree in favor of the plaintiff, based upon the verdict of a jury.

The issue of fact framed and submitted to them was, whether the deed mentioned in the plaintiff's bill was obtained by the defendant by fraud and deceit.

A full report of the evidence at the original hearing is before us. Upon appeal to the full court in such case, the decision of the court below will not be reversed as to matters of fact, unless it clearly appears to be erroneous. *Young* v. *Witham*, 75 Maine, 536. The burden rests upon the appellant.

But while it is an established principle applicable to courts of equity that the verdict of a jury upon an issue of fact will be sustained unless there appears some material or weighty reason why the verdict does not satisfy the court, it is equally well

settled, and a rule that prevails generally, that the findings of a jury must be such as shall satisfy the conscience of the court to found a decree upon, or they will be set aside. *Larrabee* v. *Grant*, 70 Maine, 79. The verdict is advisory only, and the court will disregard it whenever in the judgment of the court it is unsatisfactory.

Applying these principles to the case before us, we feel that the decision of the jury upon the issue of fact submitted to them was so manifestly wrong that a decree in favor of the plaintiff cannot properly be based upon it.

Since the verdict both the complainant and his wife have died. The defendant is their only living child. There were other children, but they had died leaving heirs, grand-children of the plaintiff. At the time of the trial the son's age was fifty, and that of the father about seventy-eight years. Eighteen years before, the father had had a paralytic shock, and from that time had been unable to perform any labor except to saw a little wood. His hearing was somewhat impaired. Prior to 1889, he lived in a house on Sea street in Rockland, and this constituted his sole property. In that year he exchanged this house for a lot in another part of the city opposite the residence of his son. Upon this lot were the two houses, into the largest of which he moved, and rented the smaller for $4.50 per month. He had an annuity of $50 a year, and this, together with the rent of the small house, constituted his sole means of support.

It is not practicable, within the reasonable limits of an opinion which is of general importance only in regard to questions of law, to enter into the details of testimony. Among other facts which we consider as satisfactorily proved, are the following. That from the time the father was disabled by the paralytic shock up to the time this deed in controversy was given, a period of about eighteen years, and to some extent after that, the defendant had assisted in the support of his father and mother; that before the execution of this deed, which bears date August 12, 1889, there had been an understanding between the father, mother and son that when the old folks were done with the property the son was to have it; that there had been talk between

the mother and son, in the presence of his father, about having " some kind of writing made to hold the property so the grand-children could not get it ; " that the son had insisted upon having " writings " that would insure the property to him when his father and mother were done with it, and this had been made known at different times to the father, this plaintiff, before the execution of the deed in question, the claim being that the son was furnishing support to his parents and unless " writings " were made he would stand no better than the grand-children in reference to the property ; that shortly before the deed was made there had been talk between the parties in reference to the matter ; that upon the strength of what had passed between the parties, the defendant employed Mr. Sherman, register of deeds for that county, to make the deed, which is the subject of this controversy ; that he went to the house of the plaintiff, and there the deed was signed by the plaintiff and his wife, the latter signing by her own hand, but the plaintiff being unable to write by reason of paralysis, made his mark. Mr. Sherman's statement of what took place at the time the deed was executed is this : "I went there and told Mr. Metcalf and the old lady I had come there for them to sign a deed to Joseph, and asked them if they wanted to sign a deed to Joseph. The old gentlemen nodded his head. I don't think he made much reply, but he nodded his head and assented to it." The witness was unable to state whether he read the deed to them or not. The plaintiff, on the other hand, denies that he ever signed any deed, or made his mark, or touched a pen or acknowledged any paper. He states that he was able to read writing without glasses, that he did not use them at all, could see much better without them than with them, and could see to read distinctly. The deed was one of warranty, and contained the following reservation : "Reserving to myself the sole use and occupancy of the above described premises during my life-time, also reserving to my wife, Lucy A. Metcalf, the use of the premises jointly with myself during her life-time."

We feel satisfied, notwithstanding there may be some conflicting testimony, that the deed was signed and executed by the parties. It was delivered and recorded. From the whole

testimony it appears that it was the expressed intention of the grantor, from time to time, prior to the signing of the deed that the son was to have the property when he and his wife were done with it. With the reservation as contained in the deed, it amounted to no more than that. The plaintiff and his wife retained the entire use and absolute control of the property during their lives. Whether the deed was obtained by fraud or deceit, must be determined by the facts as they occurred prior to and at the time when the deed was executed and delivered. Subsequent facts may exhibit reflected light from those previously existing, but of themselves alone they are insufficient to establish a prior fraud. They may aid in establishing, but cannot constitute, a prior fraud.

The testimony in this case is absolutely insufficient to prove fraud or deceit on the part of this defendant in obtaining the deed in controversy. The testimony of both parents shows that he had assisted them for many years. No reason is shown for any attempt to practice deceit or fraud upon them, and no such fraud or deceit is disclosed from the evidence as would be necessary to render the deed invalid.

Great stress is placed upon the fact that the deed was not read to or by the plaintiff and his wife at the time it was signed by them. If the plaintiff signed the deed, and we have no doubt of it from the evidence before us, then the fact that he was ignorant of its contents cannot avail him. If he neglected to read it, or to ascertain its contents, it was rather his own negligence than the fraud of the defendant. No deception was practiced upon him; he was under no restraint or coercion; he was neither ignorant nor illiterate, although physically disabled; his eyesight was good, and he was able to read writing readily, as his own testimony shows, even without the aid of glasses; and no reason is suggested why he might not have read the deed and fully understood it, had he so desired; he did not request it to be read, nor was he misled by having the contents of it falsely stated to him. There is no principle of law or equity upon which he can avoid this deed upon the facts presented in this case. "If the party can read, it is not open to him, after

executing it, to insist that the terms of the deed were different from what he supposed them to be when he signed it. Nor could one who is unable to read, be admitted to object that he was misled in signing a deed, unless he had requested to hear it read, and this had not been done, or a false reading had been made to him, or its contents falsely stated." 2 Wash. Real. Prop.* 576. *Thompson* v. *Ela*, 58 N. H. 490, 492. Were it not for the fact that the intervention of the court is strenuously invoked on the ground that the plaintiff had no knowledge of the purpose and effect of such deed, and therefore that the deed should be decreed to be void, we should not consider it necessary to refer to any further authorities in support of the doctrine already laid down. But the principle seems to be well established by the decisions of different courts. *Withington* v. *Warren*, 10 Met. 431, 434; *Hallenbeck* v. *Dewitt*, 2 Johns. 404; *Souverbye* v. *Arden*, 1 Johns. Ch. 252; *Rossetter* v. *Simmons*, 6 Serg. and R. 452; *Taylor* v. *King*, 6 Munf. (Va.) 358 (8 Am. Dec. 746); Devlin Deeds, § 225. 1 Story Eq. § 146. 2 Pom. Eq. § 892. A title by deed would be of little value if it could be avoided for that reason. *Grant* v. *Grant*, 56 Maine, 573. Nor is it sufficient proof of fraud in obtaining it, as the foregoing authorities decide. Fraud is not to be presumed. It must be established by proof. This rule obtains as well in equity as in law. *Abbott* v. *Treat*, 78 Maine, 121. The charge in the bill is fraud and deceit in obtaining the deed. It was incumbent on the plaintiff to sustain the charge by legitimate evidence. The evidence does not support the verdict, and we feel that it should not be regarded as the basis of a decree in favor of the plaintiff nullifying the deed.

*Verdict set aside. Decree reversed. Bill dismissed with costs.*

PETERS, C. J., WALTON, LIBBEY, WHITEHOUSE and WISWELL, JJ., concurred.