(93 South. 569)
**CAROTHERS v. CALLAHAN et al.**
(6 Div. 655.)

(Supreme Court of Alabama. June 1, 1922.)

1. **Bills and notes ⬤242—Indorser, who guaranteed note as a "joint maker primarily liable thereon," jointly and severally liable on note with maker.**

One who indorsed note "For value received, I hereby guarantee the payment of the within note and any renewal of the same in force and effect as a joint maker primarily liable thereon, and hereby waive protest, demand and all notice of nonpayment thereof" was liable on note, where not barred by limitations, under Code 1907, § 4835, though maker was not insolvent and though note could be collected from maker by due diligence, such indorser being jointly and severally liable on the note with the maker, under section 2503.

2. **Bills and notes ⬤499—Indorser seeking to avoid liability on ground of payment had burden of pleading and proving it.**

In action on note against indorser, who by guaranty agreement prefixed to indorsement assumed liability as a joint maker, the indorser to avoid liability on ground of payment had the burden of pleading and proving payment.

**3. Judgment ⬦—131—Default judgment could be entered by clerk of court, though order authorizing entry was not made in courthouse while court was actually in session.**

Record showing a written demand for judgment by default by plaintiffs' attorneys, a written certificate of demand showing the right thereto, and a written order by a judge of the circuit court authorizing the clerk of the court of specified county to enter judgment by default in specified amount, *held* to sustain default judgment entered by the clerk, under Code 1907, § 5346, as amended by Gen. Acts 1915, p. 825, though the order was not made by the judge in the courthouse of such county while the court was open and actually in session, in view of a rule of the court authorizing such practice and Code 1907, §§ 3229, 3230, Gen. Acts 1915, p. 707, § 1, Const. 1901, § 144.

**4. Jury ⬦—25(6)—Defendant waived right to jury trial by failure to demand jury within 30 days after service of notice of suit.**

A defendant, by failure to demand a jury within 30 days after service of notice of the suit, waived the right to a jury trial.

**5. Appeal and error ⬦—934(3)—Default judgment presumed to have been entered pursuant to order made at proper place.**

On appeal from a default judgment, it will be presumed, in the absence of a showing to the contrary, that the entry of the default judgment was ordered by the judge at a place authorized by statute and permitted by the rule of the court.

**6. Judgment ⬦—117—Where complaint did not allege that defendant waived exemptions as to personal property, it was error for default judgment to recite waiver of exemptions.**

Where complaint in action on note did not allege that defendant waived exemptions as to personal property as to the debt evidenced by the note, it was error for default judgment to recite a waiver of exemptions as to personal property, and to order the waiver of exemptions to be indorsed by the clerk on the execution.

Appeal from Circuit Court, Cullman County; O. Kyle, Judge.

Action by T. J. Callahan, Jr., and J. M. Kilpatrick against William Carothers, as indorser on promissory note. From a judgment by default for plaintiffs, defendant appeals. Reversed and rendered in part, and affirmed in part.

Tennis Tidwell, of Albany, for appellant.

The complaint is defective, in failing to allege that the principal debtor had not paid the note. 20 Cyc. 1487; 6 Ala. 746; 25 Ala. 139, 60 Am. Dec. 498. The judgment was invalid, for that it appears that the judge was not at the courthouse when rendering it. 63 Ala. 383; 160 Ala. 111, 49 South. 809. The complaint counted upon a promissory note; the judgment was upon a promissory note with waiver of exemptions, and therefore not responsive to the complaint. 174 Ala. 170, 57 South. 46; 53 South. 635; 14 Stand-

ard Encyc. Proc. 904; 39 La. Ann. 427, 2 South. 71, 4 Am. St. Rep. 265.

Sample & Kilpatrick, of Hartsells, for appellees.

It was not necessary to allege nonpayment by principal maker. 188 Ala. 196, 66 South. 88.

MILLER, J. T. J. Callahan, Jr., and J. M. Kilpatrick bring this suit against William Carothers as an indorser on a promissory note. There was judgment by default against the defendant, and from this judgment the defendant prosecutes this appeal. The defendant is sued as indorser on the note under the following agreement in writing made by him:

"For value received, I hereby guarantee the payment of the within note and any renewal of the same in force and effect as a joint maker primarily liable thereon, and hereby waive protest, demand and all notice of nonpayment thereof."

[1] The defendant insists the complaint does not state a cause of action that will sustain a judgment by default, because it fails to aver the maker is insolvent, and that it cannot be collected out of him by due diligence. This is not necessary in this case. The note is dated June 1, 1920, due November 15, 1920, and this suit was filed September 14, 1921. It is not barred by statute. Section 4835, Code 1907. This contract is an unconditional promise by defendant to pay, which renders it quite different from the case of Nesbit v. Bradford, 6 Ala. 746. In that case the promise or guarantee was conditional. In this case the defendant, by contract for value received, guarantees payment of the note "as a joint maker, primarily liable thereon." This makes him jointly and severally liable on the note with the maker, and renders it unnecessary to aver nonpayment by the maker in the complaint. Section 2503, Code 1907; McKee v. Griffin, 60 Ala. 427; Long v. Gwin, 188 Ala. 196, 66 South. 88.

[2] Under the contract of defendant he is a joint maker; and on him as a joint maker by contract rests the burden of pleading and proving payment of the note. Ala. Gold Life Ins. Co. v. Sledge, 62 Ala. 566, headnote 3; Wolffe v. Nall, 62 Ala. 24, headnote 1. The complaint states a cause of action against the defendant under his contract, indorsing and guaranteeing the note as a joint maker; and it is sufficient to support the judgment by default.

[3] The appellant insists that this judgment by default is invalid and void, because it appears from the record it was written in the minutes of the court by the clerk under written order of one of the judges of the circuit court, and because it does not appear from the record that the order was made

---

and written by the judge of the court in the courthouse of Cullman county, while the court was open and actually in session.

Is this necessary now under the statutes of Alabama, and the rules of practice of the circuit court to make a judgment by default valid? The circuit courts under the statute are and shall be open for the transaction of any and all business or judicial proceedings of every kind from the first Monday in January to and including the last Saturday in June of every year, and from the first Monday after the 4th of July to and including the last Saturday before Christmas day of every year. Section 1, Gen. Acts 1915, p. 707, approved September 22, 1915. There are five counties in this Eighth judicial circuit, with two presiding judges. Section 3229, Code 1907. "Except when otherwise provided by law, the circuit courts of the several counties shall be held at the courthouses thereof." Section 3230, Code 1907. These two judges of these five counties could not be at the courthouse of every county every day and all of the day during the time the law declares the court shall be open for the transaction of business. This very act to be practical contemplates that some of the business of the court must be transacted at other places by the judges than the courthouse of the five counties. The Legislature of Alabama in their wisdom recognizing this, enacted a statute permitting the judges of the court, by rule, to prescribe the time and manner of calling cases for judgments by default. This statute reads as follows:

"That section 5346 of the Code of Alabama of 1907 be amended so as to read as follows: Section 5346: When the summons, writ of attachment, or other process has been executed on the defendant, or service perfected on him as required by law, either in term time or vacation, the defendant shall appear and plead, answer or demur thereto within thirty days, or be in default, and on motion of the plaintiff, judgment by default may be rendered against the defendant. The court may by rule entered on the minutes of the court prescribe the time and manner of calling cases for judgment by default." Gen. Acts 1915, p. 825.

The presiding judges of this court have adopted rule No. 8 under this statute. This judgment refers to it. It is not copied in the transcript; it appears in the brief. There is no dispute between the parties that we can find, as to this rule, its contents, its adoption, and its being entered on the minutes. It reads as follows:

"That any party deeming himself entitled to a judgment by default may claim the same by filing with the clerk a demand therefor, and the clerk shall note the filing of such a demand upon the appearance docket, and if no judge is at the courthouse of the county within ten days from the time of the filing of such demand, the clerk shall, upon request, accompanied by sufficient postage to pay for sending the papers in the case to one of the judges and for the return thereof to the clerk, mail the papers in the cause to one of the judges, accompanied with his certificate showing these facts, who may, if he deems proper, grant a judgment by default, which shall be entered by the clerk upon the minutes, and shall have the same force and effect as if granted by the judge when personally present at the courthouse. Such motion shall be accompanied by such original papers and proof by affidavit as he may deem proper."

The record shows a written demand for judgment by default made and filed in the cause by plaintiff's attorneys. A written certificate of demand showing the right to it under the rule is in the file, and a written order by a judge of the court in the record on file reads as follows:

. "The clerk of the circuit court of Cullman county will enter judgment by default in favor of plaintiff in above-named cause on promissory note for $1,160.97, this amount being proven this day before me as being the amount due thereon.

"Given under my hand, this 9th day of December, 1921. O. Kyle, Judge."

It was filed by the clerk on December 9, 1921; and on the same day the clerk wrote in the minutes of the court a formal judgment by default in favor of plaintiffs and against defendant for $1,160.97. This judgment recites that "this cause was submitted to the court under rule 8 of the rules of practice adopted by the judges of this court," etc.

Such judgments or orders of the court, not made and entered in open court in the courthouse by the judge, but made elsewhere in the state when the court was open, under rules of the court, authorized by statute, have received the sanction and approval of this court. Ex parte Branch, 63 Ala. 383. Rule numbered 1 of the chancery practice, p. 1529, Code 1907, before it was amended, General Acts 1915, p. 135, provided for the hearing of appeals from the register and of other matters mentioned therein at any time or place within the state, during vacation; and this rule declared the court always open for the purposes mentioned in it. This rule, numbered 1 of chancery practice, was made under and authorized by the statutes in 1854, sections now 3227 and 3228, Code 1907. This court, in Ex parte Branch, 63 Ala. 383, speaking through Chief Justice Brickell approved the rule and said:

"This rule includes the hearing of appeals from the register; which motions and appeals can be heard, in vacation, at any time or place (within the state), upon ten days' notice of the time and place of making the same, and the decree or order made and forwarded to the register from that or any other place.

"It is obvious, that, as to the matters and judicial functions which are so carefully enumerated in this rule, the court of chancery is never closed—there is no vacation—no interval between terms, when of these matters the court or chancellor has not jurisdiction,

and these judicial functions may not be exercised. As to these matters and functions, the court is to be deemed—that is, judged, estimated—as always open; and it may be remarked that, as to the hearing of appeals from the register, territorial jurisdiction is enlarged. The court or chancellor is not confined to the district in which the cause is pending, nor to his particular division; at any place within the state, such appeals may be heard. The plain purpose of the rule is, not only to speed the hearing of causes upon the merits, but the execution of the decrees and orders of the chancellor and of the court, whether the decree and order is interlocutory or final, so that there may not be unnecessary delay in the final determination of causes, to the reproach of the administration of justice."

The Constitution (1901), § 144, requires the circuit court to be held in each county in the state at least twice in each year. Nothing therein prohibits the court from being held elsewhere at other times for some purposes, if authorized by the statute. Mer. Nat. Bk. v. McNaron, 172 Ala. 469, 55 South. 242. Section 3229 of the Code of 1907 provides circuit courts shall be held at the courthouse unless otherwise provided by law. Section 1, General Acts 1915, p. 707, declares when the circuit court is open for the transaction of any business. Section 5346 of the Code of 1907, as amended General Acts 1915, p. 825, declares 30 days after service, if no plea, answer, or demurrer is filed, the defendant will be in default, and, on motion of plaintiff, judgment by default may be rendered against the defendant; and the court may, by rule entered on the minutes of the court, prescribe the time and manner of calling cases for judgment by default. This circuit court by rule 8, entered on the minutes, prescribed the time and the manner of calling cases for judgments by default. A similar rule (chancery rule 1) was approved by this court, which permitted certain orders and decrees to be made and entered at any time, term time or vacation, anywhere within the state. Ex parte Branch, 63 Ala. 383.

The design of the statute in authorizing this rule 8, and the purpose of the courts in adopting such a rule, is to expedite the hearing of causes not contested, and to prevent delays in courts of these confessedly meritorious cases.

This suit was commenced September 14, 1921; it was executed October 4, 1921, by handing a copy of the summons and complaint to the defendant. The demand for judgment by default was made in writing November 9, 1921; the certificate of demand was issued by the clerk under the rule of the court, and the judgment by default on proof was ordered in writing by the judge of the court and entered on the minutes of the court on December 9, 1921.

The defendant was in default. He did not, within 30 days after notice of the suit, appear and plead, answer, or demur to the complaint. He thus waived all defensive matters. He made no appearance for any purpose in the court, except to appeal from said judgment by giving supersedeas bond and security for costs of appeal to this court on January 28, 1922.

[4] Can the defendant complain? Has he been injured by this judgment? The plaintiffs demanded no jury trial. The defendant had 30 days after service of notice of the suit to demand a jury. This he failed to do, and thereby waived this right. It became then the duty of the court to render judgment by default and assess damages on proof without a jury. Section 1, pp. 939, 940, Gen. Acts 1915; section 5346, Code 1907 as amended Gen. Acts 1915, p. 825.

[5] This judgment by default was entered by the clerk under written orders of the judge of the court, for an amount, after proof, fixed by the judge under authority of the statutes and under a rule of practice made in accordance with and under authority of the statute. It was ordered, rendered, and entered at a time when the court was open; there is nothing in the record showing where it was ordered by the judge; and nothing appearing to the contrary in the record, it will be presumed it was ordered by the judge at a place authorized by statute, and permitted by the rule of the court. Ex parte Branch, 63 Ala. 383; Johnson v. Johnson, 182 Ala. 376, 62 South. 706.

The defendant is entirely in default. He shows no injury in the record by the judgment by default. He lost no rights. If he had any by way of defense they were voluntarily waived by him. He shows no right to complain at the judgment by default. The rule is authorized by statute; it was adopted by the court according to the statute; and the judgment by default for $1,160.97, rendered in this case under it and under the facts appearing in the record, is valid and legal.

When a plaintiff or defendant is entitled to a judgment by default and has complied with the rules adopted by the court for the purpose of obtaining it, and the court is open, the judge or either judge, if there are more than one, of the court, may, anywhere in the county, circuit, or state, sign an order in writing to the clerk to enter in the minutes a judgment by default for the amount named therein, or such judge may, anywhere in the county, circuit, or state, write, sign, and forward to be filed in the cause in the court a judgment by default, which the clerk should record in the minutes of the court. Ex parte Branch, 63 Ala. 383; section 5346, Code 1907, as amended Acts 1915, p. 825; Hooper v. Strahan, 71 Ala. 75.

[6] This suit is for money due by note, which defendant guaranteed as a joint maker to pay, and the judgment is for $1,160.97, the amount due on the note. The judgment sufficiently corresponds with the allegations

of the complaint. This judgment is responsive to the complaint, and is not invalid. Kirkland v. Pilcher, 174 Ala. 170, headnote 2, 57 South. 46; Hopkins v. Duggar, 204 Ala. 626, headnote 8, 87 South. 103. This judgment recites a waiver of exemptions as to personal property, and orders the same to be indorsed by the clerk on the execution. This was error. The complaint contains no averment that defendant waived exemptions as to personal property as to the debt evidenced by the note. If it had contained such averment, the defendant could and may have contested it; and not containing such averment, it should not have been entered in the judgment. Goetter v. Pickett, 61 Ala. 387. The complaint must aver it and the proof sustain it before the judgment should recite and order it. Fears v. Thompson, 82 Ala. 294, headnote 3, 2 South. 719; Hutchinson v. Powell, 92 Ala. 619, headnote 2, 9 South. 170; Goetter v. Pickett, 61 Ala. 387, headnote 1.

The judgment will be reversed and one here rendered omitting the clause in regard to the waiver of exemptions as to personal property (Fears v. Thompson, 82 Ala. 294, headnote 3, 2 South. 719; Hutchinson v. Powell, 92 Ala. 619, headnote 2, 9 South. 170), and the remainder of the judgment will be affirmed (Fears v. Thompson, 82 Ala. 294). The appellee is taxed with the cost of the appeal.

Reversed and rendered in part, and affirmed in part.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.